**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 18 1997**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

No. 96-2083

DAVID A. VERI,

Defendant-Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. CR-94-745-MV)

---

Submitted on the briefs:[*]

John J. Kelly, United States Attorney, Larry Gomez, Assistant United States
Attorney, Albuquerque, New Mexico, for Plaintiff-Appellee.

Ralph D. Karsh, Pittsburgh, Pennsylvania, for Defendant-Appellant.

---

Before TACHA, EBEL and BRISCOE, Circuit Judges.

---

[*] After examining the briefs and appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The
case is therefore ordered submitted without oral argument.

BRISCOE, Circuit Judge.

_____

Defendant David A. Veri appeals from the district court's decision that it lacked authority to depart downward from the guideline sentencing range specified in Veri's plea agreement because the agreement was made pursuant to Fed. R. Crim. P. 11(e)(1)(C).[1]  We conclude a plea agreement specifying a sentence at a particular guideline range is specific enough to fall within the language of 11(e)(1)(C), and that the district court correctly determined it lacked authority to depart downward in this case:  Veri's plea agreement specified a sentence at offense level sixteen and included no provision for downward departure.  As a result, Veri's sentence was not even arguably the "result of an incorrect application of the sentencing guidelines," 18 U.S.C. § 3742(a)(2), and we therefore lack jurisdiction to review it.  Accordingly, we dismiss the appeal.

_____

[1]        (1) The attorney for the government and the attorney for the defendant or the defendant when acting pro se may engage in discussions with a view toward reaching an agreement that, upon the entering of a plea of guilty or nolo contendere to a charged offense or to a lesser or related offense, the attorney for the government will do any of the following:

. . .

(C) agree that a specific sentence is the appropriate disposition of the case.

The relevant facts are as follows: Veri was charged by superseding information with aiding and abetting and conspiracy to possess with intent to distribute more than fifty kilograms of marijuana. He entered into a plea agreement with the government which stated, in part:

> 6. It is expressly understood and agreed by and between the defendant and the United States that:
> a. The United States has made an AGREEMENT pursuant to Rule 11(e)(1)(C), Fed. R. Crim. P., that a specific offense level is the appropriate disposition of this case. The United States and defendant have agreed that the offense level is 16.

Appellant's App. at 4-5. The agreement says nothing about downward departure. See id. at 3-5. At Veri's sentencing hearing, the district court determined that under the sentencing guidelines, offense level sixteen would place defendant in a sentencing range of twenty-one to twenty-seven months' imprisonment, and that the court lacked authority to consider defendant's motion for downward departure because the plea agreement fell within Rule 11(e)(1)(C). The district court said nothing about downward departure and sentenced Veri to twenty-one months' incarceration and three years' supervised release.

On appeal, Veri contends the district court erred because: (1) the agreement specified a sentencing range rather than an exact term of months and was therefore not an agreement under Rule 11(e)(1)(C) that bound the court; (2) the agreement was ambiguous and should have been construed against the government; and (3) the district court had jurisdiction to depart downward even if

the agreement was under Rule 11(e)(1)(C). We construe the plea agreement according to contract principles and what the defendant reasonably understood when he entered his plea. United States v. Hawley, 93 F.3d 682, 692 (10th Cir. 1996).

Veri argues, first, that although the plea agreement states it is made under Rule 11(e)(1)(C), it is not a true 11(e)(1)(C) plea agreement because it specifies an offense level, i.e., a sentencing range of twenty-one to twenty-seven months, instead of an exact term of months or years. We have found no cases in support of this proposition. Veri cites United States v. Newsome, 894 F.2d 852, 853 (6th Cir. 1990), but that case states only that a cap of fifty-seven months (which amounts to a broad range of zero to fifty-seven months) is not specific enough to satisfy Rule 11(e)(1)(C). Veri's cite to United States v. Johnson, 979 F.2d 396 (6th Cir. 1992), is inapposite; in Johnson, the Sixth Circuit construed an ambiguous plea agreement as constituting a sentencing recommendation under Rule 11(e)(1)(B), see id. at 398, 399; see also United States v. Rutter, 897 F.2d 1558, 1564-65 (10th Cir. 1990) (noting Rule 11(e)(1)(B) agreement is nonbinding recommendation), not a binding plea agreement under Rule 11(e)(1)(C), cf. United States v. Libretti, 38 F.3d 523, 529 (10th Cir. 1994) (holding defendant is bound by lawful plea agreement under Rule 11(e)(1)(C)), aff'd, 116 S. Ct. 356 (1995).

On the other hand, the Second, Fourth, Sixth, and Ninth Circuits have all held that a plea agreement which sets forth a sentencing range is specific enough to satisfy Rule 11(e)(1)(C). See United States v. Yemitan, 70 F.3d 746, 747 (2d Cir. 1995) (over dissent's protest, treating plea agreement for sentence within range of 108-135 months as binding agreement; i.e., as agreement under Rule 11(e)(1)(C)); United States v. Nutter, 61 F.3d 10, 11-12 (2d Cir. 1995) (holding range of 155-181 months was specific enough to satisfy 18 U.S.C. § 3742(c)(1) and Rule 11(e)(1)(C)); United States v. Mukai, 26 F.3d 953, 954, 955 (9th Cir. 1994) (holding plea agreement providing for five to seven years' imprisment was Rule 11(e)(1)(C) agreement); United States v. Abarca, 985 F.2d 1012, 1013 (9th Cir. 1993) (deeming plea agreement for sentence not exceeding applicable guideline range sufficient under Rule 11(e)(1)(C)); United States v. Lambey, 974 F.2d 1389, 1396 (4th Cir. 1992) (indicating Rule 11(e)(1)(C) plea agreement would allow specific sentence or sentence range); United States v. Fernandez, 960 F.2d 771, 772, 773 (9th Cir. 1992) (finding no problem with Rule 11(e)(1)(C) agreement specifying sentence of not more than six years' imprisonment); United States v. Kemper, 908 F.2d 33, 36 (6th Cir. 1990) (holding plea that assumed sentence within range of twenty-seven to thirty-three months was specific sentence under Rule 11(e)(1)(C)). In fact, the Second Circuit has treated an agreement providing for "a four-level reduction in

whatever Guidelines offense level would later be determined by the district court"
as binding under Rule 11(e)(1)(C). United States v. Cunavelis, 969 F.2d 1419,
1420, 1422 (2d Cir. 1992).

Veri contends, however, that this court held in United States v. Robertson,
45 F.3d 1423, 1439 (10th Cir.), cert. denied, 115 S. Ct. 2258, 2259, and 116 S. Ct.
133 (1995), that a Rule 11(e)(1)(C) agreement is one that removes all sentencing
discretion from the court and that a plea agreement specifying a sentencing range
therefore cannot fall under 11(e)(1)(C). Veri's contention is misplaced. First,
Robertson dealt with a different issue--whether a district court abuses it discretion
by rejecting a Rule 11(e)(1)(C) agreement. See id. at 1433. Second, and perhaps
most importantly, we do not read Robertson as broadly as Veri does. Although
Robertson acknowledges that "11(e)(1)(C) agreements attempt to completely
curtail" a district court's sentencing discretion, id. at 1439 (emphasis added),
there is no suggestion in the opinion that Rule 11(e)(1)(C) precludes agreements,
such as the one here, that sharply reduce, but do not completely eliminate, a
district court's discretion. Accordingly, we find no conflict between Robertson
and our holding that a sentencing range is specific enough to satisfy Rule
11(e)(1)(C).

Veri next argues the plea agreement is not a true Rule 11(e)(1)(C)
agreement because it is ambiguous. It is true the plea agreement states in

paragraph five "that determination of the sentencing range, as well as the actual sentence imposed, is solely in the discretion of the Court." Appellant's App. at 4. When read from beginning to end, however, it is apparent the plea agreement sets out the consequences Veri would have faced if he had gone to trial and been convicted, and then states the deal he struck under Rule 11(e)(1)(C) in exchange for pleading guilty in paragraph six. See id. at 4-5. Although the plea agreement is poorly drafted and is certainly no model for the future, we see no fatal ambiguity in its terms. Moreover, if the agreement does not fall under Rule 11(e)(1)(C), then it can only be under Rule 11(e)(1)(B)[2]. This conclusion, however, would contradict what Veri seemed to say at the sentencing hearing--he argued that he and the prosecution had never discussed a floor on his sentence, implying they had agreed on a ceiling. See id. at 53-54. A plea agreement under Rule 11(e)(1)(B) cannot be said to create a true ceiling, however, as it is a

---

[2]    (1) The attorney for the government and the attorney for the defendant or the defendant when acting pro se may engage in discussions with a view toward reaching an agreement that, upon the entering of a plea of guilty or nolo contendere to a charged offense or to a lesser or related offense, the attorney for the government will do any of the following:

. . .

(B) make a recommendation, or agree not to oppose the defendant's request, for a particular sentence, with the understanding that such recommendation or request shall not be binding upon the court.

recommendation only and not binding on the court. See Rutter, 897 F.2d at 1564-65.

Finally, Veri argues the district court had jurisdiction to depart downward even if the plea agreement falls within Rule 11(e)(1)(C). This argument contradicts the plain language of Rule 11, which states that "[i]f the agreement is of the type specified in subdivision (e)(1)(A) or (C), the court may accept or reject the agreement," Fed. R. Crim. P. 11(e)(2), and that "[i]f the court accepts the plea agreement, the court shall inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement," id. Rule 11(e)(3). All of the cases which have addressed this point have rejected this argument. The Second, Seventh, and Ninth Circuits have held that if a sentencing court accepts a Rule 11(e)(1)(C) agreement, it is bound by the agreement and may not modify it. See Mukai, 26 F.3d at 956-57 (holding if court accepts plea agreement that limits amount of downward departure, court is bound by that limitation even if inclined to be more lenient); Cunavelis, 969 F.2d at 1422 (holding Guidelines specify that Rule 11(e) governs plea agreements, Rule 11(e) specifies court is bound by Rule 11(e)(1)(C) agreement and, therefore, court was bound by plea's provision for four-level reduction). For the same reason, a defendant's assumption that relief other than that specified in the agreement might be available is unreasonable. See United States v. Swigert, 18 F.3d 443,

446 (7th Cir. 1994) (holding defendant unreasonably assumed that plea agreement specifying imprisonment could be split between imprisonment and probation). Based on the clear language of Rule 11(e)(1)(C) and the applicable case law, Veri had no reason to believe the district court would entertain a motion for downward departure when the plea agreement specified a disposition at offense level sixteen and included no provision for downward departure.

Because we conclude that Veri's plea agreement was made pursuant to Rule 11(e)(1)(C) and his sentence fell within its terms, we lack jurisdiction to review his sentence.

The appeal is DISMISSED.