F I L E D
United States Court of Appeals
Tenth Circuit

NOV 3 1998

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

v.

BARRY WES BIGGS,

Defendant-Appellee.

No. 97-2377
(D.C. No. CR-97-284-BB)
(D. N.M.)

**ORDER AND JUDGMENT***

Before **BALDOCK**, **BRISCOE**, and **LUCERO**, Circuit Judges.

Defendant Barry Wes Biggs pleaded guilty to assault resulting in serious bodily injury and was sentenced to thirty months' imprisonment. The government appeals, contending the district court erred in not sentencing Biggs to thirty-six months' imprisonment as contemplated by the plea agreement. We remand the case to the district court with directions to vacate Biggs' sentence and conduct a

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

hearing at which the court should explicitly accept or reject the plea agreement.

On May 7, 1997, Biggs was charged in Count I with assault with a dangerous weapon with intent to do bodily harm, a violation of 18 U.S.C. § 113(a)(3), and in Count II with assault resulting in serious bodily injury, a violation of 18 U.S.C. § 113(a)(6). Biggs and the government entered into a plea agreement whereby Biggs agreed to plead guilty to Count II and to be sentenced to thirty-six months' imprisonment, and the government agreed to dismiss Count I and to not bring additional charges. The court held a change of plea hearing on July 25, 1997, and the court accepted Biggs' guilty plea to Count II. On October 16, 1997, the court sentenced Biggs to thirty months' imprisonment.

The government contends our decision in United States v. Veri, 108 F.3d 1311 (10th Cir. 1997), required the court to sentence Biggs in accordance with the plea agreement. Biggs claims the court rejected the plea agreement and sentenced him based on his guilty plea alone. The issue for our determination is whether the district court accepted or rejected the plea agreement.

A court "may accept or reject the [plea] agreement or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the presentence report." Fed. R. Crim. P. 11(e)(2). If the court accepts the agreement, it "shall inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement." Fed. R. Crim. P.

-2-

11(e)(3). If, on the other hand, the court rejects the plea agreement, the court

> shall, on the record, inform the parties of this fact, advise the defendant personally in open court . . . that the court is not bound by the plea agreement, afford the defendant the opportunity to then withdraw the plea, and advise the defendant that if the defendant persists in a guilty plea or plea of nolo contendere the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.

Fed. R. Crim. P. 11(e)(4).

We are unable to determine from the record whether the district court accepted or rejected the plea agreement. At Biggs' change of plea hearing, the court stated:

> Mr. Biggs, since you, in fact, acknowledge that you are guilty of Count II of the complaint, and since you understand your right to a trial, what the maximum punishment is, and since you are voluntarily pleading guilty, I will accept your guilty plea and enter a judgment of guilty on your behalf.
> The Court will find the defendant's plea is free and voluntary; the defendant fully understands the charge and the penalty; and *that the plea agreement has been properly executed and signed and it will now be filed* . The Court will further find that there is a factual basis for the plea.

Record II at 12-13 (emphasis added). This dialogue makes plain the district court intended to accept Biggs' guilty plea. However, acceptance of a guilty plea and acceptance of a plea agreement are distinct matters. The only reference the court made to the plea agreement itself is that it had been "properly executed and signed and it will now be filed." Id. Given the subsequent course of proceedings in the district court, we are hesitant to assume the court by this statement was

-3-

attempting to convey acceptance of the agreement. In any event, this statement falls short of satisfying the directive in Rule 11(e)(3) that the court "inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement."

Matters were not clarified at the sentencing hearing. At one point during the hearing, defense counsel asked the court to "reject the sentencing agreement" and allow Biggs to withdraw his guilty plea. Record III at 10. Later, the court asked the government about its position on "withdrawing the sentencing agreement." Id. at 13. Finally, the court stated it was "going to permit Mr. Biggs to withdraw his sentencing agreement." Id. at 15. At the least, these statements evidence an intent to withdraw the sentencing agreement. If so, the court must have rejected the entire plea agreement because, under Veri and Rule 11(e)(1)(C) and (3), it could not accept the plea agreement but depart from the sentence specified therein. Notwithstanding this apparent intent to reject the plea agreement, the court, consistent with *adoption* of the plea agreement, later dismissed Count I of the indictment. See Record I, Doc. 28. The government correctly notes it agreed to move for dismissal of Count I only if the plea agreement was accepted. Dismissal of Count I appears to have proceeded from the assumption of court personnel that the plea agreement had been accepted. Although judgment entered reflects Count I was dismissed "on motion of the

-4-

United States," the government did not move for dismissal of Count I.     Id. Further, we find no evidence in the record to indicate, as Biggs suggests, that Count I was dismissed pursuant to Fed. R. Crim. P. 48(b) for "unnecessary delay in bringing a defendant to trial."     See Appellee's Br. at 11.

Considered collectively, the statements and conduct of the district court throughout the proceedings are consistent both with acceptance and rejection of the plea agreement. Nowhere in the record did the court explicitly and unambiguously accept or reject the plea agreement as required under Rule 11(e)(3) and (4). We are therefore compelled to remand this case to the district court with directions to vacate Biggs' sentence and to reinstate Count I. The district court should then explicitly accept or reject the plea agreement. If the court accepts the agreement and so finds on the record in accordance with Rule 11(e)(3), then under   Veri, it must sentence Biggs to thirty-six months' imprisonment as contemplated by the plea agreement. If the court rejects the agreement, it must so advise Biggs in accordance with Rule 11(e)(4) and proceed accordingly.

REMANDED to the district court with directions to vacate Biggs' sentence, reinstate Count I, and either accept or reject the plea agreement.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

97-2377, United States of America v. Biggs

**LUCERO** , Circuit Judge, dissenting.

I agree with the majority that "considered collectively, the statements and conduct of the district court throughout the proceedings are consistent both with acceptance and rejection of the plea agreement." Maj. Op. at 5. However, the government's argument that the district court erred by imposing a thirty-month sentence can only carry weight if the district court accepted, but did not reject, the plea agreement. The reason is straightforward. If the district court rejected the plea agreement, or never accepted it in the first place, then the only grounds for error would be the dismissal of Count 1, which matter the government conspicuously fails to appeal. Because the government nowhere explains how the record supports a conclusion of acceptance      only, I must respectfully dissent.

As a matter of logic, and consonant with Fed. R. Crim. P. 11(e)(2), the district court must either have accepted the plea agreement or refused to do so. If the plea agreement was never accepted, then the government fails to assert correctable error on appeal. In the absence of a plea agreement, Biggs's thirty-month sentence is not erroneous—or, at least, not for any reason stated by the government. In such circumstances, it might of course have been error for the district court to dismiss Count 1. But the government fails to appeal that dismissal; instead, it only appeals Biggs's sentence.

The government is therefore obliged to argue that the plea agreement was

instead accepted. But the government must actually do more than that. Specifically, it has to persuade us that the agreement was accepted but not subsequently rejected by the district court. If the plea agreement was rejected after its acceptance, the government is again blocked by its failure to appeal the dismissal of Count 1.

I simply do not see that the record sustains the government's position. According to the government, the district court accepted the plea agreement despite its complete failure to follow the formal requirements of Fed. R. Crim. P. 11(e)(3), namely that the district court "inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement." But if the government would have us adopt such a finding, it is incumbent upon them to explain why or how the district court's refusal to hold Biggs to the agreed sentence and its statement that it was "going to permit Mr. Biggs to withdraw his sentencing agreement," III Tr. at 15, does not also amount to rejection of the plea agreement. The government never even attempts to explain why the district court need not formally follow Rule 11(e)(3) to accept a plea agreement, but it must follow Rule 11(e)(4) to the letter in order to reject one.

Instead, the government attempts to argue that the dismissal of Count 1 was "pursuant to the plea agreement," Appellant's App. at 7, which must therefore have been in force. That argument fails, not least because dismissal of Count 1

-2-

could only be pursuant to the plea agreement had the government moved for such dismissal, see Plea Agreement at 4, and the government concedes it never made such a motion. The closely related argument that the district court only enforced the plea agreement against the government, but not against Biggs, is similarly flawed. The government nowhere explains how it was "held" to the plea agreement. See Appellant's App. at 13. Indeed, it is hard to see how it could. The district court never forced—nor even requested—the government to file a motion to dismiss Count 1. And, as noted, the government never moved to dismiss that count as required under the plea agreement. The district court simply dismissed Count 1.

In short, the record can only support two possible conclusions about the acceptance and rejection of the plea agreement: the agreement was either not accepted, or, if was accepted, it was subsequently rejected. Under either of these scenarios, Biggs's sentence is not in error. It is certainly possible—even, to my mind, highly probable—that the dismissal of Count 1 was erroneous. But the government has failed to appeal that dismissal. Because I believe the majority fails to accord that failure appropriate significance, I would affirm the judgment of the court below.