**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**DEC 8 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

PHILLIP SAM HOUSTON,

    Defendant-Appellant.

No. 98-3094

(D.C. No. 97-CV-3143)

(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **EBEL**, and **MURPHY**, Circuit Judges.[**]

In October 1993, Defendant Phillip Sam Houston pled guilty to a one-count

superceding indictment charging him with possession with intent to distribute Fentanyl

in violation of 21 U.S.C. § 841(a)(1). At Defendant's change of plea hearing, the district

court accepted the plea agreement, which provided in relevant part:

[P]ursuant to the terms of Federal Rules of Criminal Procedure 11(e)(1)(A)
and 11(e)(1)(C), the Government and Defendant agree that a specific

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore
submitted without oral argument.

sentence is the appropriate disposition of this case and that they will recommend to the Court that the Defendant receive a sentence of 48 months imprisonment in exchange for his successful plea of guilty as described herein and that no restitution or fine be imposed, other than the special assessment under 5E1.3. Both parties also hereby agree not to appeal this sentence to any higher court. All parties hereto likewise understand that, since this is a plea agreement "of the type specified in subdivision 11(e)(1)(A) and (C)," if the Court rejects this sentence, the Defendant shall have the opportunity to withdraw his plea.

At Defendant's sentencing hearing in February 1994, the district court reiterated its acceptance of the plea agreement and sentenced Defendant to 48 months imprisonment. Although the plea agreement did not address the matter, the district court also imposed a four-year term of supervised release upon Defendant.

Defendant did not appeal his sentence. Instead, in April 1997, ten months before his scheduled release from prison and thirty-eight months after sentencing, Defendant filed a pro se petition under 28 U.S.C. § 2255 seeking relief from the supervised release portion of his sentence because the plea agreement did not mention a term of supervised release. In July 1997, the district court denied Defendant's petition because (1) at his change of plea hearing, Defendant acknowledged the maximum punishment for his crime included a four-year term of supervised release; (2) in his change of plea petition, Defendant indicated he understood the court was not bound by the terms of the plea agreement and could reject it; and (3) at his sentencing, Defendant failed to object to the court's imposition of a term of supervised release.

2

I.

As an initial matter we address our jurisdiction. On April 16, 1998, we notified the parties of a possible jurisdictional defect regarding the filing of Defendant's notice of appeal and ordered simultaneous briefing. For the reasons set forth below, we conclude that Defendant timely filed his notice of appeal. The district court entered its order denying Defendant's § 2255 petition on July 28, 1997. On August 4, 1997, Defendant filed a timely motion under Fed. R. Civ. P. 59(e) for reconsideration, which tolled the time for appeal. Van Skiver v. United States, 952 F.2d 1241, 1243 (1991). On October 20, 1997, the district court entered an order denying Defendant's motion to reconsider.

To calculate the deadline for filing a notice of appeal, we consider a § 2255 petition a civil action. United States v. Robinson, 64 F.3d 403, 405 (8th Cir. 1995). Thus, under Fed. R. App. P. 4(a)(1), Defendant's sixty-day deadline for filing a timely notice of appeal expired on December 19, 1997, sixty days after the district court's denial of Defendant's initial Rule 59(e) motion. Defendant, however, did not file a notice of appeal before the sixty-day deadline. Nor did he file for an extension of time in which to file a notice of appeal under Fed. R. App. P. 4(a)(5). Rather, on October 31, 1997, Defendant filed a second motion for reconsideration under Rule 59(e). Because this motion was "successive," it did not toll the time for appeal. Venable v. Haislip, 721 F.2d 297, 299 (10th Cir. 1983). The district court entered an order denying Defendant's second Rule 59(e) motion on February 4, 1998. On April 3, 1998, Defendant filed his

3

notice of appeal.

Based upon the December 19, 1997 deadline, ordinarily Defendant's notice of appeal would be untimely. In this case, however, the district court clerk never entered judgment on a separate document as required by Fed. R. Civ. P. 58. Although a separate judgment is not necessary for a final order of the district court to become appealable, failure to file a separate judgment causes the district court's order to remain appealable. Shalala v. Schaefer, 509 U.S. 292, 302-03 (1993); Clough v. Rush, 959 F.2d 182, 185-86 (10th Cir. 1992). We thus conclude that Defendant timely filed his notice of appeal and we may properly exercise appellate jurisdiction under Fed. R. App. P. 4 and 28 U.S.C. § 1291.

## II.

Next, we address Defendant's motion for a certificate of appealability. A defendant may appeal the denial of a § 2255 petition only if a "circuit justice or judge" issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2); United States v. Simmonds, 111 F.3d 737, 746 (10th Cir. 1997). The initial question is whether Defendant's claim implicates the Constitution.[1]

---

[1] In this case, Defendant did not move for a certificate of appealability in the district court. Under our Emergency General Order of October 1, 1996, however, we

(continued...)

4

Defendant's sole claim is that by imposing a four-year term of supervised release upon him, the district court failed to abide by the terms of the plea agreement it ostensibly accepted. "A plea bargain, standing alone, is without constitutional significance." Mabry v. Johnson, 467 U.S. 504, 507 (1984). Once the district court accepts a defendant's guilty plea pursuant to a plea agreement, however, thus depriving the defendant of liberty without a trial, the Constitution is implicated. Id. at 507 508. At that point, the defendant has a constitutional right to have the plea agreement enforced. See United States v. Papaleo, 853 F.2d 16, 18-19 (1st Cir. 1988). Consequently, we conclude that Defendant has made a "substantial showing of the denial of a constitutional right" which warrants issuance of a certificate of appealability. Because both parties have fully briefed the appeal, we proceed to the merits.

### III.

We must first address whether the district court's imposition of a four year term of supervised release upon Defendant breached the plea agreement, and thus resulted in an illegal sentence.[2] We review the alleged violation of the terms of a plea agreement de

---

[1](...continued) deem the district court's failure to issue a certificate of appealability within thirty days after the filing of the notice of appeal as a denial of a certificate. Per our direction, Defendant has moved for a certificate of appealability in this court.

[2] We reject the government's argument that Defendant breached the plea agreement by appealing the district court's denial of his § 2255 petition. A fair and objective reading of the plea agreement indicates that Defendant agreed not to directly appeal his sentence. Nothing in the plea agreement suggests that Defendant relinquished

(continued...)

novo. United States v. Bunner, 134 F.3d 1000, 1003 (10th Cir.), cert. denied, 119 S. Ct. 81 (1998). We review the district court's interpretation of the plea agreement, however, for clear error. United States v. Rockwell Intern. Corp., 124 F.3d 1194, 1199 (10th Cir. 1997), cert. denied, 118 S. Ct. 1559 (1998). Although we give credence to the plain language of the plea agreement, we analyze the agreement based upon Defendant's reasonable understanding at the time he entered into the agreement. Bunner, 134 F.3d at 1003.

Under Fed. R. Crim. P. 11(e)(1)(C), the government and a defendant may "agree that a specific sentence is the appropriate disposition of the case."[3] The district court must then either accept or reject the agreement. If the court accepts the agreement, "it is bound by the agreement and may not modify it." United States v. Veri, 108 F.3d 1311, 1315 (10th Cir. 1997). If the court rejects the agreement, it must give defendant an opportunity to withdraw his guilty plea. Fed. R. Crim. P. 11(e)(4). Any assumption by either party that the district court may impose a sentence other than that specified in a Rule 11(e)(1)(C) plea agreement is unreasonable. Veri, 108 F.3d at 1315.

---

[2](...continued)
the right to attack his sentence under § 2255. See United States v. Bunner, 134 F.3d 1000, 1004 (10th Cir.), cert. denied, 119 S. Ct. 81 (1998).

[3] A Rule 11(e)(1)(C) plea agreement differs from an agreement under Fed. R. Crim. P. 11(e)(1)(B), in that in the latter instance, the government makes a sentencing recommendation, or agrees not to oppose the defendant's sentencing request for a particular sentence, with the understanding that such recommendation or request shall not bind the district court.

In this case, the plea agreement is silent as to any term of supervised release which the parties might have contemplated as a part of the agreed sentence. See United States v. Lominac, 144 F.3d 308, 318 (4th Cir. 1998) (supervised release constitutes a part of the sentence); Johnson v. United States, 154 F.3d 569, 571 (6th Cir. 1998) (same). Thus, the district court, regardless of its intention, imposed a sentence upon Defendant greater than that set forth in the plea agreement; an agreement which the district court expressly accepted and was bound to follow. Veri, 108 F.3d 1311. The court's action resulted in a breach of the plea agreement and an illegal sentence. See United States v. Gilchrist, 130 F.3d 1131, 1133-34 (3d Cir. 1997), cert. denied, 118 S. Ct. 1307 (1998) (imposition of a term of supervised release was beyond defendant's reasonable expectation and resulted in a breach of the plea agreement where plea agreement was silent as to any term of supervised release).[4]

Finally, we address the question of the remedy to be afforded Defendant. Defendant asks us to direct the district court to enforce the plea agreement by striking his four-year term of supervised release. We leave that decision, however, to the district court. See Santobello v. New York, 404 U.S. 257, 263 (1971); United States v. Hawley,

---

[4] The fact that Defendant acknowledged the maximum sentence for his crime included a four year term of supervised release and understood the district court could reject the plea agreement is inconsequential. Rule 11 required the district court to inform Defendant of such matters to ensure that his plea was knowing and voluntary. Similarly, Defendant's failure to object to the breach at his sentencing does not affect our outcome. In this circuit, the failure to object to a breach of a plea agreement does not waive the issue. United States v. Belt, 89 F.3d 710, 712 (10th Cir. 1996).

93 F.3d 682, 694 (10th Cir. 1996).

For the foregoing reasons, we GRANT Defendant's application for a certificate of appealability, REVERSE the district court's decision denying Defendant's § 2255 petition, and REMAND for further proceedings consistent with this order and judgment.

Entered for the Court,


Bobby R. Baldock
Circuit Judge