**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 16 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

MICHAEL E. RUSSELL,

      Defendant - Appellant.

No. 01-3144
D.C. No. 98-CR-40107-05-SAC
(D. Kansas)

---

**ORDER AND JUDGMENT** [*]

---

Before **SEYMOUR** , **HENRY** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of res judicata, collateral estoppel, and law of the case. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

The defendant Michael E. Russell argues that the district court erred in refusing to grant him a three-level decrease in his offense level pursuant to section 3E1.1 of the United States Sentencing Guidelines. Because Mr. Russell and the government stipulated to the offense level, we conclude that we lack jurisdiction over this appeal.

## I. BACKGROUND

The defendant Michael E. Russell pleaded guilty to one count of possession of 27.45 grams of methamphetamine with the intent to distribute (a violation of 21 U.S.C. § 841(a)(1)), and one count of perjury (a violation of 18 U.S.C. § 1623). After receiving the proposed presentence report, Mr. Russell filed a motion to withdraw his guilty plea. Mr. Russell argued that his attorney had misinformed him as to whether certain drug quantities involved in the conspiracy alleged in the indictment would be considered in determining relevant conduct at sentencing. See Rec. vol. I, doc. 220 (Motion to Withdraw Guilty Plea, and attached affidavit of Michael E. Russell). The district court denied Mr. Russell's motion, reasoning that although Mr. Russell disagreed with the presentence report, he had failed to establish that his guilty plea was not knowing and voluntary. See Rec. vol. I doc. 232, at 16-26. (Dist. Ct. Order, filed Jan. 30, 2001).

At the beginning of Mr. Russell's sentencing hearing, the district court announced its proposed rulings on Mr. Russell's objections to the presentence report. The court explained that the rulings were tentative and that it would consider any additional evidence presented by the parties. The court then suggested a recess so that the parties could attempt to reach an agreement as to the disputed issues.

After a recess, the prosecutor announced that the parties had reached the following agreement:

> [W]e have reached an agreement whereby the parties stipulate that the applicable base offense level, based on the amount of methamphetamine involved, which was eight grams of actual, would be a 24. The defendant indicated he's willing to stipulate that he not receive credit for acceptance of responsibility. He's going to stipulate to the application of a two-level enhancement for obstruction and the application of a two-level enhancement for firearm possession, which results in a final or total offense level of 28. The defendant is also willing to stipulate to a criminal history category of 4, which makes the applicable guideline [range] 110 to 137 months if my calculations are correct. There are no agreements as to where the defendant should end up within that guideline range, and each of the parties reserves the right to argue to the court what sentence within that 110-137 month guideline range should be imposed.

Rec. vol VIII, doc. 285, at 28 (Tr. of Sentencing Hr'g, May 2, 2001).

The court then asked Mr. Russell's counsel about the prosecutor's statement. Mr. Russell's counsel replied, "[T]hat is the appropriate agreement."

Id. Next, the court asked Mr. Russell if the prosecutor's statement reflected Mr. Russell's understanding of the agreement and if Mr. Russell was "satisfied with that understanding and agreement." Id. at 29. Mr. Russell responded affirmatively, and the court accepted the stipulation.

The court then set Mr. Russell's total offense level at twenty-eight and his criminal history at four. The court sentenced Mr. Russell to concurrent terms of imprisonment of 123 months on the methamphetamine charge and 60 months on the perjury charge, as well as a term of supervised release.

On appeal, Mr. Russell's counsel has filed an Anders brief and a motion to withdraw. See Counsel's Motion to Withdraw Pursuant to Tenth Circuit Rule 46.4(B) (citing Anders v. California, 386 U.S. 738, 744 (1967) (permitting counsel who considers an appeal to be wholly frivolous to advise the court of that fact, request permission to withdraw from the case, and submit a brief referring to portions of the record that arguably support the appeal)). In this brief, Mr. Russell's counsel argues that Mr. Russell is entitled to a three-level reduction in his offense level pursuant to section 3E1.1 of the United States Sentencing Guidelines.

## II. DISCUSSION

Generally, we review the district court's interpretation and application of the sentencing guidelines de novo and review the underlying factual determinations for clear error. United States v. Pappert, 112 F.3d 1073, 1078 (10th Cir.1997). However, when, as here, the government contends that the defendant has waived his right to appeal his sentence, the ultimate question of whether that wavier was knowing, voluntary, and therefore enforceable is a question of law that we examine de novo. United States v. Rubio, 231 F.3d 709, 712 (10th Cir. 2000).

Upon review of the record, we agree with Mr. Russell's counsel that, in light of the stipulation announced at the sentencing hearing, Mr. Russell's challenge to the district court's application of the Guidelines is frivolous. This circuit has held that when a defendant knowingly and voluntarily agrees to a particular offense level, we lack jurisdiction to review a resulting sentence that is based upon that offense level and is otherwise lawful and consistent with the Sentencing Guidelines. See United States v. Veri, 108 F.3d 1311, 1313-15 (10th Cir. 1997) (construing Fed. R. Crim. P. 11(e)(1)(C), which allows the parties to "agree that a specific sentence is the appropriate disposition of the case"). Here, Mr. Russell has not argued that the stipulation was not knowing and voluntary. Instead, his only challenge is to the court's setting of the offense level at twenty-

eight.  By stipulating to that offense level at sentencing, he has waived his right to appeal that determination.

Moreover, there is no indication in the record that Mr. Russell's sentence is inconsistent with the Guidelines or otherwise unlawful.  Therefore, we lack jurisdiction over this appeal.

## III.  CONCLUSION

Accordingly, we GRANT Mr. Russell's counsel's motion to withdraw, and we DISMISS this appeal.

Entered for the Court,

Robert H. Henry
Circuit Judge