FILED
United States Court of Appeals
Tenth Circuit

January 26, 2018

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JASON MARC JANATSCH,

Defendant - Appellant.

No. 16-6324
(D.C. No. 5:16-CR-00002-F-1)
(W.D. of Okla.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, Chief Judge, **BALDOCK**, and **BRISCOE**, Circuit Judges.

Jason Janatsch worked as a freelance babysitter and occasional daycare employee. He was indicted for taking sexually explicit pictures of himself with a toddler. After he pleaded guilty to the charges, the court sentenced him to 360 months in prison and required him to pay a $5,000 special assessment pursuant to 18 U.S.C. § 3014(a)(3), a provision applicable to "any non-indigent person . . .

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

convicted of an offense . . . relating to sexual exploitation and other abuse of children."

Janatsch appeals his sentence, arguing that (1) the district court improperly enhanced his sentence based on his admission of a prior child molestation incident for which he was never charged; (2) the sentence was substantively unreasonable and "greater than necessary to comply with the purposes of criminal punishment," Aplt. Br. 13; and (3) the $5,000 special assessment should not be imposed because he was indigent at the time of sentencing.

We AFFIRM the district court's sentence. Janatsch has waived his right to challenge a sentence within the applicable United States Sentencing Guidelines (USSG) range, and the district court did not err in imposing the mandatory assessment.

## I. Background

While babysitting in Enid, Oklahoma, Janatsch took pictures of himself engaging in sexual conduct with a female toddler. A few months later, he used the smartphone messaging application Kik to send some of these images to a person in New Zealand and solicited child pornography in exchange.

In September 2015, Homeland Security Investigations (HSI) Agents downloaded child pornography from Kik user "lukebake4," who was later identified as Drew Webb of Christchurch, New Zealand. R., Vol. 2 at 11. In October 2015, the New Zealand Police (NZP) Online Child Exploitation Across

New Zealand (OCEANZ) team executed a search warrant. They searched Webb's home and conducted a forensic analysis of his Kik account, identifying Kik user "TheLoverOfTheLittle" as a possible offender who traded images with "lukebake4." *Id.* at 12. In November 2015, a Department of Homeland Security (DHS) summons was served on Kik related to this username. The DHS summons revealed the IP address associated with the username, and a subsequent DHS summons to AT&T traced the IP address to Janatsch's mother's residence.

In December 2015, a magistrate judge issued a search warrant for the residence. Investigators subsequently discovered that Janatsch had downloaded numerous images of child pornography to his iPhone and computer hard drive, including five images he had produced of the toddler. At the time of the execution of the search warrant, Janatsch consented to a forensic interview the following day at HSI's Oklahoma City office. During the interview, Janatsch also admitted that he had physically molested another child in 2014, for which he was investigated in February 2015 but never charged after initially denying the allegations.

Following his indictment on child pornography charges, Janatsch pleaded guilty to a single count of producing child pornography in exchange for the dismissal of two counts for receipt and possession of child pornography.

Because the counts for receipt and possession were dismissed, the sole count for production carried a statutory minimum of 180 months and a statutory

maximum of 360 months.  18 U.S.C. § 2251(e).  Based on his total offense level of 43 and criminal history category of I, his guidelines range would have been life; however, the guidelines sentence becomes the statutory maximum in cases where the calculated range exceeds the statutory maximum, making Janatsch's guidelines range 360 months.  As part of a plea agreement, Janatsch waived "his right to appeal his guilty plea" and "his sentence as imposed by the Court . . . and the manner in which the sentence was determined," provided it was not "above the advisory guideline range determined by the Court to apply."  R., Vol. 1 at 32.

The district court sentenced Janatsch to the guidelines sentence and statutory maximum of 360 months' imprisonment and lifetime supervised release. The court also imposed a $5,000 special assessment pursuant to the Justice for Victims of Trafficking Act of 2015—which the plea agreement did not mention. *See* 18 U.S.C. § 3014(a)(3).  In relevant part, 18 U.S.C. § 3014(a) states

> [T]he court shall assess an amount of $5,000 on any non-indigent person or entity convicted of an offense under . . .
>
>            \*    \*    \*
>
> (3) chapter 110 (relating to sexual exploitation and other abuse of children) . . . .

Janatsch's conviction under § 2251 is contained within chapter 110 of 18 U.S.C. Therefore, his crime triggers the $5,000 special assessment.

## II. Analysis

Janatsch contends (1) the district court improperly determined his sentence by considering his admission to the prior child molestation incident; (2) the 360-month sentence was substantively unreasonable; and (3) the $5,000 special assessment was improper because of his indigency at the time of sentencing.

The appellee urges us to apply the appeal waiver to each of the three claims. We conclude the waiver applies to the challenge to the first two claims, but not to the special assessment. While the special assessment claim was not waived, the district court properly applied § 3014(a) in imposing the special assessment.

### A. *Appeal Waiver*

We enforce appeal waivers under the familiar framework set forth in *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004). We consider whether "(1) the disputed appeal falls within the scope of the waiver of appellate rights, (2) the defendant knowingly and voluntarily waived his appellate rights, and (3) enforcing the waiver would [not] result in a miscarriage of justice." *United States v. Burke*, 633 F.3d 984, 996 (10th Cir. 2011) (citing *Hahn*, 359 F.3d at 1325–28). "We construe a defendant's plea agreement 'according to contract principles and what the defendant reasonably understood when he entered his plea.'" *United States v. Lonjose*, 663 F.3d 1292, 1297 (10th Cir. 2011) (quoting *United States v. Veri*, 108 F.3d 1311, 1313 (10th Cir. 1997)).

### *1. Length of Sentence*

In his plea agreement, Janatsch waived the "right to appeal his sentence as imposed by the Court . . . and the manner in which the sentence was determined," provided it was not "above the advisory guideline range determined by the Court to apply." R., Vol. 1 at 32. The Guidelines only allowed 360 months' imprisonment for his crime, the sentence selected by the district court.

On appeal, although conceding the sentence was within the scope of the plea agreement, Janatsch claims "[t]he severity of the sentence given the facts of this case affects the fairness, integrity or public reputation of judicial proceedings"—thus violating the third prong of *Hahn*. Aplt. Br. 4. Janatsch forfeited his argument that he did not enter the plea agreement knowingly and voluntarily under the second prong of *Hahn* because he raised it for the first time in his reply brief.

The third prong of *Hahn* instructs us to consider whether enforcing the waiver would advance a miscarriage of justice. In doing so, we examine whether "(1) the district court relied on an impermissible factor such as race, (2) ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, (3) the sentence exceeds the statutory maximum, or (4) the waiver is otherwise unlawful." *Burke*, 633 F.3d at 996 (citing *Hahn*, 359 F.3d at 1327).

Janatsch argues the waiver is "otherwise unlawful" because "[t]he severity of the sentence given the facts of this case affects the fairness, integrity or public reputation of judicial proceedings." Aplt. Br. 11. He does not, however, attempt to provide any evidence to support this bare assertion, nor could he since the sentence was within the guidelines range. In fact, Janatsch pleaded guilty to the charges knowing he could be sentenced up to 360 months.

Because the waiver satisfies all three prongs of the *Hahn* framework, we find that the waiver is enforceable for Janatsch's term of imprisonment.

## 2. *Special Assessment and Indigency*

Janatsch also contends the appeal waiver did not apply to the district court's imposition of the $5,000 special assessment because he was indigent at the time of sentencing.

Since the plea agreement does not mention the $5,000 special assessment, Janatsch did not explicitly waive his right to appeal the assessment, as he did with the other components of his sentence. Furthermore, Janatsch challenges the legality of the special assessment—an argument we have held is not waived by an appeal waiver.

We considered a similar situation in *United States v. Gordon*, 480 F.3d 1205 (10th Cir. 2007). In that case, we found an appeal waiver similar to this one did not prevent a defendant from challenging whether the sentence was "beyond that authorized by the pertinent statutes." *Id.* at 1210. Here, Janatsch argues the

-7-

district court imposed a special assessment that was not authorized by § 3014(a) since he was indigent at the time. Because his argument questions the legality of the assessment based on his indigent status, the waiver does not bar his challenge.

## B. 18 U.S.C. § 3014(a)(3)

Section 3014(a), in relevant part, states

> [T]he court *shall assess* an amount of $5,000 on any non-indigent person or entity convicted of an offense under . . .
>
>     *   *   *
>
> (3) chapter 110 (relating to sexual exploitation and other abuse of children) . . . .

(emphasis added).

The operative provisions of the Guidelines provide that "[t]he court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and *is not likely to become able to pay* any fine." USSG § 5E1.2(a) (emphasis added); *United States v. Vigil*, 644 F.3d 1114, 1123 (10th Cir. 2011) (applying USSG § 5E1.2(a)).

Janatsch contends he was indigent at sentencing and the district court should not have imposed the additional assessment. The district court imposed the fine based on two factors: (1) a finding that Janatsch was not sufficiently indigent under the statute based on the presentence report, and (2) Janatsch's future ability to pay, noting that "he's going to have plenty of time to pay that off while incarcerated." R. Vol. 3 at 13.

The district court did not abuse its discretion in imposing the $5,000 special assessment. The context of the sentencing hearing shows the district court reasonably found Janatsch had not met his burden of proving indigency for purposes of the statute. And nothing in the statute precludes an examination of future ability to pay as part of a holistic assessment of the indigency determination.

The Eighth Circuit reached a similar conclusion in *United States v. Kelley*, 861 F.3d 790, 802 (8th Cir. 2017). In that case, the defendant had a negative net worth at the time of sentencing. But the defendant was an "Eagle Scout with a college degree," who in the future "certainly has the education and skills to be employed and to earn money from which he could pay this assessment." *Id.* The court explained after considering "all the factors of Kelley's financial situation," he "would, at some point, be able to pay the special assessment." *Id.* "This ability to earn money in the future precluded a finding of indigence for purposes of § 3014." *Id.*

Likewise, the district court here did not err in concluding that Janatsch would have the ability to pay the special assessment in the future.

### III. Conclusion

We **AFFIRM** the district court's sentence and special assessment.

ENTERED FOR THE COURT


Timothy M. Tymkovich
Chief Judge