**UNITED STATES of America, Appellee,**

v.

**James NUTTER and Susan Crews, Defendants–Appellants,**

**Beatrice R. Blanchard, Defendant.**

**Nos. 478, 511, Dockets 94–1160, 94–1204.**

United States Court of Appeals, Second Circuit.

Argued Dec. 12, 1994.

Decided Aug. 1, 1995.

Thomas J. Sherrer, Burlington, VT (Eastman & Sherrer, Burlington, VT), for defendant-appellant James Nutter.

Martin A. Maley, St. Albans, VT, for defendant-appellant Susan Crews.

Charles R. Tetzlaff, U.S. Atty. (Burlington, VT), David V. Kirby, Chief, Crim. Div., William B. Darrow, Asst. U.S. Atty., for appellee.

Before: FEINBERG, VAN GRAAFEILAND, and WALKER, Circuit Judges.

PER CURIAM:

Defendants James W. Nutter ("Nutter") and his daughter, Susan P. Crews ("Crews"), appeal from judgments of conviction rendered on September 9, 1993 in the District of Vermont following their guilty pleas in the United States District Court (Fred I. Parker, *Chief Judge*), for conspiring to distribute cocaine in violation of 21 U.S.C. § 846. Nutter and Crews were sentenced to terms of imprisonment of 188 and 51 months, respectively. Both defendants challenge their sentences.

We affirm the district court's imposition of sentences by summary order and write this opinion only to address a jurisdictional question raised by the government: namely, should Nutter's appeal be dismissed for lack of jurisdiction pursuant to 18 U.S.C. § 3742(c)(1).

After a second Superseding Indictment was returned, Nutter pled guilty to Count I, which charged him with conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. As part of his plea agreement, the government agreed to seek dismissal of Nutter's remaining charges. In addition, pursuant to Rule 11(e)(1)(C) of the Federal Rules of Criminal Procedure, Nutter and the government agreed that the appropriate sentence would fall within the range of 151 to 188 months imprisonment. The agreement was subject to the condition that if the court rejected the agreement, Nutter could withdraw his guilty plea pursuant to Rule 11(e)(4) and U.S.S.G. § 6B1.3. In February, 1994, following the recommendation of the *Presentence Report*, Chief Judge Parker applied the career offender enhancement under U.S.S.G. § 4B1.1 and sentenced Nutter to a term of imprisonment of 188 months.

As stated above, the only issue we address in this opinion is whether Nutter may appeal his sentence. In claiming that Nutter is prohibited from filing a notice of appeal, thereby depriving us of jurisdiction, the government relies on 18 U.S.C. § 3742(c), which states that

> In the case of a plea agreement that includes a specific sentence under Rule 11(e)(1)(C) of the Federal Rules of Criminal Procedure—
>
> (1) a defendant may not file a notice of appeal under paragraph (3) or (4) of subsection (a) unless the sentence im-

posed is greater than the sentence set forth in such agreement. . . .

Under this statute, a defendant is prohibited from filing a notice of appeal if 1) the defendant has entered into a plea agreement that includes a specific sentence, 2) the imposed sentence is not greater than that set forth in the agreement, and 3) the appeal falls under paragraphs (3) or (4) of 18 U.S.C. § 3742(a).

Neither party contests that the agreed-to sentencing range constitutes a "specific sentence." We find that the narrow sentencing range of 151 to 188 months is sufficiently specific to satisfy the first element of § 3742(c)(1).[1] In addition, the imposed sentence is clearly consistent with the plea agreement. Therefore, the resolution of this jurisdictional question turns on whether Nutter's appeal falls under paragraph (3) or (4) of § 3742(a).

Paragraph (3) of § 3742(a) concerns appeals from sentences imposed under the guidelines that are greater than the maximum sentence under the relevant guideline range. Paragraph (4), on the other hand, deals with appeals from plainly unreasonable sentences that are imposed for offenses for which there are no sentencing guidelines. Thus, where the sentence imposed was specified in the plea agreement, it is not appealable on the grounds that it is either beyond the guideline maximum or, if no guideline applies, plainly unreasonable.

In this appeal, Nutter claims that in sentencing him, the district court improperly based his career offender sentence enhancement on his conspiracy conviction under 21 U.S.C. § 846. Nutter does not dispute that he fully satisfies the prerequisites for career offender status under U.S.S.G. §§ 4B1.1 and 4B1.2. Rather, relying on *United States v. Price*, 990 F.2d 1367 (D.C.Cir.1993), he contends that the Sentencing Commission exceeded its statutory mandate under 28 U.S.C. § 994(h) by including in Application Note 1 of U.S.S.G. § 4B1.1 conspiracies to commit controlled substance crimes. Thus, Nutter does not argue either that his sentence is greater than that specified in the plea agreement or greater than the maximum sentence under the Sentencing Guidelines. Instead, he asserts that the guidelines relevant to his conviction were promulgated without proper authority.

The prohibition against filing appeals under § 3742(c) is a limited one. In barring appeals based on paragraphs (3) and (4) of § 3742(a), it in no way diminishes a defendant's authority to bring appeals under paragraphs (1) or (2), even if the imposed sentence is consistent with that specified in a plea agreement. The first two paragraphs of § 3742(a) state that a "defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence—(1) was imposed in violation of law [or] (2) was imposed as a result of an incorrect application of the sentencing guidelines. . . ."

The government contends that neither of these exceptions applies to Nutter: that is, that his sentence was not the result of a misapplication of the guidelines or a violation of law. While Nutter's appeal does not challenge the application of the guidelines—he concedes that his offense renders him a career offender pursuant to U.S.S.G. §§ 4B1.1 and 4B1.2—it asserts that the Sentencing Commission lacked authority to include the crime of conspiracy to commit a controlled substance offense as a predicate for sentencing as a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2. In claiming that the Commission had no such authority, Nutter essentially challenges the legality of the guideline on which his sentence was based. Thus, his appeal falls within § 3742(a)(1). *See United States v. Pickett*, 941 F.2d 411, 414 (6th Cir.1991) (finding that an appeal challenging the constitutionality of an aspect of the guidelines fell within § 3742(a)(1) and therefore was not barred by § 3742(c)); *United States v. Smith*, 918 F.2d 664, 668–69 (6th Cir.1990) (finding jurisdiction to hear an appeal of a sentence "imposed in violation of

---

1. The Sixth Circuit has held that a plea agreement that includes a cap of 57 months on the sentence is not a "specific sentence." *United States v. Newsome*, 894 F.2d 852, 855 (6th Cir.

1990). Our holding is not inconsistent since setting a narrow range for sentencing is far more restrictive than simply fixing a cap.

law"), *cert. denied,* 498 U.S. 1125, 111 S.Ct. 1088, 112 L.Ed.2d 1192 (1991).

Contrary to the government's assertions, our holding is entirely consistent with *United States v. Colon,* 884 F.2d 1550, 1553 (2d Cir.1989), *cert. denied,* 493 U.S. 998, 110 S.Ct. 553, 107 L.Ed.2d 550 (1989), since this appeal is not just any "arguable claim of error in sentencing."

Consequently, we hold that pursuant to § 3742(a)(1), Nutter was authorized to file a notice of appeal, and that we therefore have jurisdiction to consider the merits of his claim.

We turn briefly to the merits of Nutter's claim. Our decision is controlled by *United States v. Jackson,* 60 F.3d 128 (2d Cir.1995). In that case, we held that the Sentencing Commission's authority to promulgate U.S.S.G. § 4B1.1 was not confined to 28 U.S.C. § 994(h) but also could be found in 28 U.S.C. § 994(a) and that therefore a narcotics conspiracy conviction could be a predicate for a career criminal enhancement.

Consequently, the judgment is affirmed.