UNITED STATES of America, Appellee,

v.

Joshua PEARSON, Defendant–Appellant.

No. 1086, Docket 95–1468.

United States Court of Appeals,
Second Circuit.

Argued Jan. 31, 1996.

Decided Feb. 27, 1996.

Bradley S. Stetler, Stetler & Allen, Burlington, Vermont, for Defendant–Appellant.

Peter W. Hull, Assistant United States Attorney, Burlington, Vermont (Charles R. Tetzlaff, United States Attorney, David V. Kirby, Assistant United States Attorney, of counsel), for Appellee.

Before: OAKES and WINTER, Circuit Judges, and SAND *, District Judge.

WINTER, Circuit Judge:

Joshua Pearson appeals from the sentence of 63 months imprisonment and three years supervised release imposed by Judge Billings after Pearson's plea of guilty to conspiracy to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846. Pearson challenges his sentence on two grounds. First, Pearson argues that the district court improperly deemed a New York conviction for conspiracy in the third degree to be a "controlled substance offense" for purposes of U.S.S.G. § 4B1.1, the career offender Guideline. Second, he argues that the Sentencing Commission exceeded its statutory authority by including conspiracy offenses in its definition of the term "controlled substance offense." We address these arguments in turn.

Pearson bases his first argument on *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), which endorsed a "formal categorical approach" whereby a sentencing court generally must "look[ ] only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." *Id.* at 600, 110 S.Ct. at 2159 (discussing 18 U.S.C. § 924(e)). *See also United States v. Piper,* 35 F.3d 611, 619 (1st Cir.1994) ("[t]he rationale on which the *Taylor* court relied in choosing a formal categorical approach is equally applicable to controlled substance offenses"), *cert. denied,* —— U.S. ——, 115 S.Ct. 1118, 130 L.Ed.2d 1082 (1995). He contends that the district court could not have determined from the statutory language that his New York conspiracy conviction was a "controlled substance offense" because the New York statute criminalizes some conspiracies that are covered by that term and some that are not. Pearson concludes that the district court violated *Taylor* by inquiring into the facts of his state conviction.

New York Penal Law § 105.13 provides that:

> A person is guilty of conspiracy in the third degree when, with intent that conduct constituting a class B or a class C felony be performed, he, being over eighteen years of age, agrees with one or more persons under sixteen years of age to engage in or cause the performance of such conduct.

The terms "class B felony" and "class C felony" include the distribution of narcotics, which is a controlled substance offense as defined in U.S.S.G. § 4B1.2(2), but also include the simple possession of narcotics, which is not such an offense under Section 4B1.2(2). *See e.g.,* N.Y. Penal L. § 220.39; N.Y. Penal L. §§ 220.09, 220.16. Pearson is therefore correct that the statute does not on its face dictate that his conviction under Penal Law § 105.13 be treated as a controlled substance offense for purposes of Section 4B1.1. However, we do not believe that *Taylor* precludes any further inquiry where a

---

* The Honorable Leonard B. Sand, United States District Judge for the Southern District of New York, sitting by designation.

general conspiracy statute is involved. *Taylor*'s limit on inquiry into the underlying facts of a prior conviction makes sense in the context of a crime based on a statute that defines all the elements within one statutory provision. However, common sense dictates that where a conspiracy statute is applicable to many types of conspiracy, a district court may inquire into the goal of the particular conspiracy—the infinitive as it were—and ask "the more specific question 'conspiracy to do what?,'" *United States v. Fiore*, 983 F.2d 1, 3 (1st Cir.1992), *cert. denied*, 507 U.S. 1024, 113 S.Ct. 1830, 123 L.Ed.2d 458 (1993), without running afoul of *Taylor*.

 We add, however, that although it is permissible for the district court to ask "conspiracy to do what?," our caselaw interpreting *Taylor* limits the materials a district court may consult in answering that question. In the instant case, it appears that the district court relied solely on the presentence report ("PSR") prepared for the instant sentencing, a practice that we disapproved in *United States v. Palmer*, 68 F.3d 52 (2d Cir.1995). In *Palmer*, we noted that

> [w]e believe ... that a current presentence report prepared *for a sentencing court* presented with the enhancement issue would ordinarily be a surrogate for the "elaborate factfinding process regarding the defendant's prior offenses" that was criticized in *Taylor*, and that employment of the PSR in this case would thus be at odds with both *Taylor*, the applicable Guidelines commentary, and the vast majority of the pertinent circuit court precedents.

*Id.* at 59 (emphasis added).

The instant case is, however, distinguishable from *Palmer*. Although the district court relied on the federal PSR to characterize Pearson's conspiracy conviction as a controlled substance offense, the federal PSR recited the essential facts as presented in the state PSR prepared for use at Pearson's sentencing on the New York charge. We have held that relying upon the state PSR does not violate *Taylor*, *see United States v. Brown*, 52 F.3d 415, 425 (2d Cir.1995), *cert. denied*, —— U.S. ——, 116 S.Ct. 754, 133 L.Ed.2d 701 (1996), and although it is gener-

ally required that the district court review either the actual state PSR, if available, or some *Taylor*-sanctioned source of information, we see no need to remand this case for resentencing. Pearson objected neither to the accuracy of the federal PSR's description of the state offense nor to the district court's use of the federal PSR. *See United States v. Bregnard*, 951 F.2d 457, 459 (1st Cir.1991), *cert. denied*, 504 U.S. 973, 112 S.Ct. 2939, 119 L.Ed.2d 564 (1992). His sole claim was that the inquiry itself, however reliable or unreliable the materials consulted, was barred by *Taylor*. There has thus been no suggestion that a review of the state PSR would in any fashion alter the result under U.S.S.G. § 4B1.1. A remand would therefore add nothing.

Finally, Pearson argues that the Sentencing Commission exceeded its authority under 28 U.S.C. § 944(h) in promulgating U.S.S.G. § 4B1.1. This argument is foreclosed by *United States v. Jackson*, 60 F.3d 128, *petition for cert. filed*, (U.S. Dec. 21, 1995) (No. 95–7239), and *United States v. Nutter*, 61 F.3d 10, 13 (2d Cir.1995), and we do not revisit it here.

We therefore affirm.