05-6048-cr
USA v. Lynch

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

August Term, 2006

(Argued: August 9, 2007                                        Decided: February 27, 2008)

Docket No. 05-6048-cr

———————————

UNITED STATES OF AMERICA,
                                                                      *Appellee,*

-*v.*-

DAVID LYNCH,
                                                          *Defendant-Appellant.*

———————————

BEFORE:              CALABRESI, RAGGI, HALL, *Circuit Judges.*

———————————

Defendant-appellant David Lynch appeals from the October 27, 2005 decision of the

United States District Court for the Southern District of New York (Berman, *J.*) sentencing

defendant to fifteen years' imprisonment pursuant to the Armed Career Criminal Act, 18 U.S.C.

§ 924(e) ("ACCA"), after defendant pled guilty to being a felon in possession of a firearm in

violation of 18 U.S.C. § 922(g). We agree with the district court that both defendant's 1989 state

conviction for criminal possession of a weapon and his 1985 state conviction for attempted

burglary were for "violent felonies" under the ACCA, and we, therefore, conclude that the

district court properly sentenced him as an Armed Career Criminal.

AFFIRMED.

1

DENIS PATRICK KELLEHER, Kelleher & Dunne LLP, New York, NY, *for Defendant-Appellant*.

CHRISTOPHER L. LAVIGNE, Assistant United States Attorney for the Southern District of New York (Michael J. Garcia, United States Attorney, John M. Hillebrecht, Assistant United States Attorney, *on the brief*), New York, NY, *for Appellee*.

HALL, *Circuit Judge*:

Defendant-appellant David Lynch appeals from the portion of a judgment of conviction in the United States District Court for the Southern District of New York (Richard M. Berman, *Judge*) that sentenced him to the statutory minimum of fifteen years' imprisonment under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), based on three prior violent felony convictions. On appeal, Lynch argues that two of the prior offenses, criminal possession of a weapon and attempted burglary, are not "violent felonies" within the ambit of the ACCA. We agree with the district court that both crimes are violent felonies because they "involve[] conduct that presents a serious potential risk of physical injury to another." *Id.* § 924(e)(2)(B)(ii). It was not error, therefore, to sentence Lynch pursuant to the ACCA. We affirm.

## Background

In May 2003 a police officer saw a vehicle run a red light. David Lynch was a passenger in the back seat of the vehicle. When the police officer stopped the vehicle, he saw Lynch moving his hands around in the back seat. Lynch refused to show his hands, and after an ensuing struggle with the police officers, Lynch was handcuffed and subdued. A pat down of Lynch revealed a loaded firearm. Lynch was already a convicted felon and thus was indicted as

2

a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). The government asserted that Lynch was subject to a fifteen-year statutory mandatory minimum sentence under the ACCA because he previously had been convicted of three violent felonies and was currently charged with violating § 922(g).[1] Lynch's prior New York state-court felony convictions were for: (1) criminal possession of a weapon in the second degree in 1989; (2) attempted robbery in the second degree in 1986; and (3) attempted burglary in the third degree in 1985.

In March 2005, Lynch appeared before Judge Berman to plead guilty to the indictment. He did not concede, however, that he was subject to the statutory mandatory minimum sentence under the ACCA; he noted that he intended to press the issue before the district court. Later, Lynch argued that his convictions for attempted burglary and criminal possession of a weapon were not for violent felonies as defined by the ACCA.[2]

*The 1985 Attempted Burglary Conviction*

In 1985, Lynch pled guilty to attempted burglary in the third degree in violation of New York Penal Law § 140.20 in Nassau County Superior Court. Section 140.20 provides that "[a] person is guilty of burglary in the third degree when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein." A related section of the Penal Law defines

---

[1]The ACCA, 18 U.S.C. § 924(e)(1), provides:

In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

[2]Lynch concedes that his 1986 conviction for attempted robbery in the second degree is for a violent felony.

3

"building" as "any structure, vehicle or watercraft used for overnight lodging of persons, or used by persons for carrying on business therein, or used as an elementary or secondary school, or an inclosed motor truck, or an inclosed motor truck trailer." N.Y. Penal Law § 140.00(2). The criminal information charged Lynch with burglary in the third degree, namely, that Lynch had "knowingly entered and remained unlawfully in a building known as a clothing store located at 110 Main Street, Hempstead, New York, with intent to commit a crime therein." (Nassau County Super. Ct. Information, Nov. 20, 1984.) Lynch pled to the lesser offense of attempted burglary in the third degree, for which there was no separate charging document. The federal Presentence Investigation Report ("federal PSR") prepared in connection with the sentencing in this case incorporated facts from the Nassau County presentence report ("state PSR") authored at the time of Lynch's guilty plea to the attempted burglary. The federal PSR stated that: "[a]ccording [to] a copy of a presentence report prepared by the Nassau County Probation Department on August 29, 1984, Lynch and three other individuals burglarized a Hempstead store and stole a quantity of clothing." (Federal PSR ¶ 38.) Although Lynch and the government tried to obtain copies of the transcripts of the plea proceedings related to the attempted burglary conviction, they were both told that those transcripts no longer existed.

*The 1989 Criminal Possession of a Weapon Conviction*

In 1989, Lynch pled guilty to criminal possession of a weapon in the second degree in violation of New York Penal Law § 265.03 in Nassau County court. Section 265.03, as it read in 1989, provided that "[a] person is guilty of criminal possession of a weapon in the second degree when he possesses a machine-gun or loaded firearm with intent to use the same unlawfully against another." According to both the indictment and the plea allocution, Lynch possessed a

4

loaded firearm, specifically a .32 caliber semi-automatic pistol, which he used to shoot Neil Williams. Apparently Lynch and his girlfriend were in a cab together, and when Lynch exited the cab, he shot Williams. Lynch explained at his plea allocution:

> I was coming from my house, and me and Neil Williams, he had drawn a pistol at me and shot me in my face, and I had shot him back only to protect my own life. I was scared at the time. I didn't want to shoot him or anything like that. It was out of a thing of fear. I was trying to protect my own self.

(Plea Hr'g Tr. Oct. 25, 1989 at 31.) The Nassau County court accepted Lynch's guilty plea.

*District Court Sentencing*

Following the plea proceedings for the current offense, Lynch submitted a letter to the district court in which he argued that his prior crimes of attempted burglary and criminal possession of a weapon were not violent felonies. As to the attempted burglary, Lynch argued that Congress did not intend to include attempted burglary in the definition of violent felony and, further, that there were insufficient facts for the court to conclude that he had attempted to commit a generic burglary.[3] The government, in its letter, responded by pointing out that Lynch had pled guilty to an information that charged him with a generic burglary because it was the burglary of a store. The government further argued that attempted burglary under this particular New York statute had been held to constitute a violent felony in *United States v. Andrello*, 9 F.3d 247, 249 (2d Cir. 1993) (per curiam).

As to his conviction for criminal possession of a weapon, Lynch argued that he never admitted to having the unlawful intent to use the weapon—an element he asserted was a

---

[3]The Supreme Court has held that only generic burglaries—those that involve entering into a building or structure—qualify as violent felonies under the ACCA's provision specifying burglary as one of the enumerated crimes in its definition of violent felony. *See Taylor v. United States*, 495 U.S. 575, 599 (1990).

prerequisite to the crime being classified as a violent felony based on this Court's decision in *United States v. Danielson*, 199 F.3d 666 (2d Cir. 1999) (per curiam). The government countered that having pled guilty to the particular weapons charge, Lynch necessarily admitted the elements of the offense, which included both possession of the weapon and intent to use it unlawfully.

At sentencing, the district court agreed with the government's arguments and found that all three of Lynch's prior crimes were violent felonies. With respect to Lynch's attempted burglary in the third degree, the district court found that it was a violent felony based upon *Andrello*, and because a copy of the state court information made it clear that Lynch pled guilty to an attempted generic burglary of a clothing store. With respect to Lynch's criminal possession of a weapon in the second degree, the district court agreed with the government that the indictment and plea allocution showed that Lynch admitted to possessing the weapon with unlawful intent to use it, specifically rejecting the argument that, at his plea proceedings in state court, Lynch admitted only to possession and not to having the requisite criminal intent. Citing *Danielson*, 199 F.3d 666, the district court concluded that Lynch's criminal possession of a weapon was a violent felony.[4] The district court sentenced Lynch to fifteen years' imprisonment, the mandatory minimum under the ACCA, followed by five years' supervised release and the necessary special assessment.

Lynch appeals his sentence.

---

[4]The district court stated that the criminal possession conviction "qualifies as a violent felony as defendant was charged with and admitted possessing a firearm and using it unlawfully. The cite is *United States v. Danielson* . . . ." (Sentencing Tr. Oct. 22, 2005, at 6.)

**Discussion**

## I. Standard of Review

We review de novo the district court's determination of whether a prior offense is a "violent felony" under the ACCA. *United States v. King*, 325 F.3d 110, 113 (2d Cir. 2003).

## II. Applicable Law

A defendant convicted of violating 18 U.S.C. § 922(g) who has three previous convictions for violent felonies or serious drug offenses is subject to a mandatory minimum sentence of fifteen years' imprisonment. 18 U.S.C. § 924(c). In pertinent part, the term "violent felony" means "any crime punishable by imprisonment for a term exceeding one year . . . that . . . (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B)(ii) (emphasis added). For Lynch's two prior offenses, the attempted burglary and the criminal possession of a weapon, to constitute violent felonies under the ACCA, they would have to fall under the residual, or "otherwise," clause in § 924(e)(2)(B)(ii), because neither would qualify as one of the four enumerated offenses.

To determine whether a prior offense is a "violent felony" for purposes of the ACCA, we use a "categorical approach." *United States v. Rosa*, 507 F.3d 142, 151 (2d Cir. 2007) (citing *Taylor v. United States*, 495 U.S. 575 (1990)). *Taylor* instructs that the sentencing court must "look only to the fact of conviction and the statutory definition of the prior offense." *Taylor*, 495 U.S. at 602. In a "narrow range of cases," the sentencing court may "go beyond the mere fact of conviction" where the statute of conviction covers both conduct that would and conduct that would not constitute a violent felony. *Id.* In such cases, the sentencing court may also consult

7

the charging documents and jury instructions to determine whether the conviction was for conduct that falls under the definition of violent felony.  *Id.*

### III.  Attempted Burglary Is a Violent Felony

Lynch argues, as he did below, that his 1985 conviction for attempted burglary in the third degree is not for a violent felony.  His argument fails because this Court's decision in *United States v. Andrello*, 9 F.3d 247 (2d Cir. 1993) (per curiam), and the Supreme Court's recent decision in *James v. United States*, 127 S. Ct. 1586 (2007), compel the conclusion that the attempted burglary of which Lynch was convicted is a violent felony under the ACCA.

In *Andrello*, this Court held that the crime of attempted burglary in the third degree under New York law, the same crime at issue here, constitutes a "violent felony" because it falls under the ACCA's residual provision. 9 F.3d at 249-50.  There, we looked to New York law and found that in order for a defendant to be convicted of attempted burglary, the defendant must have carried the project forward "within dangerous proximity to the criminal end to be attained," and that "mere preparation" was not enough.  *Id.* at 249 (quoting *People v. Bracey*, 360 N.E.2d 1094, 1097 (N.Y. 1977)) (internal quotation marks omitted).  Specifically, this Court explained that

> since burglary itself is a crime that inherently involves a risk of personal injury, the crime of attempted burglary under New York law, which requires proof of conduct that would present a serious potential risk of attainment, must be considered a crime that "involves conduct that presents a serious potential risk of physical injury to another."

Id. at 249-50; *cf. United States v. Brown*, ___ F.3d ___, ___, 2008 WL 239055, at *9-11 (2d Cir. Jan. 30, 2008) (applying *Andrello* to hold that third degree burglary under New York law is a "crime of violence" under U.S.S.G. § 4B1.2(a)(2)).  We added: "The fact that the underlying substantive offense may not be accomplished is not pertinent."  *Id.* at 250.

8

The Supreme Court's recent decision in *James*, holding that attempted burglary under Florida law is a "violent felony" under the ACCA, 127 S. Ct. at 1590, confirms the soundness of our reasoning in *Andrello*.[5] The Court concluded that attempted burglary fell under the residual provision of the ACCA, *id.* at 1597-98, as a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii). It explained that attempted burglary, as defined by Florida law,[6] is an offense that "involves conduct that presents a serious potential risk of physical injury to another," because Florida law requires an "overt act" for attempted burglary and because such an attempt poses the same kind of risks as a completed burglary. *Id.* (quoting 18 U.S.C. § 924(e)(2)(B)(ii)).[7] The Court commented that "while the statutory language [defining attempt] is broad, the Florida Supreme Court has considerably narrowed its application in the context of attempted burglary, requiring an 'overt act directed toward entering or remaining in a structure or conveyance.'" *Id.* at 1594 (quoting *Jones v. State*, 608 So. 2d 797, 799 (Fla. 1992)). Such an "overt act" toward committing a burglary, said the Court, would pose "the same kind of risk" as, or an even greater risk than, that posed by a completed burglary because the "main risk" arises "from the possibility of a face-to-

---

[5]In *James*, the Supreme Court cited *Andrello*, among other circuit decisions, noting that "every Court of Appeals that has construed an attempted burglary law similar in scope to Florida's has held that the offense qualifies as a 'violent felony' under [the ACCA's] residual provision." *James*, 127 S. Ct. at 1595 & n.3.

[6]Florida law defines burglary as "entering or remaining in a structure or conveyance with the intent to commit an offense therein," Fla. Stat. § 810.02(1), and defines attempt as "any act toward the commission of such offense," Fla. Stat. § 777.04(1).

[7]The Supreme Court distinguished Court of Appeals' decisions holding to the contrary as "involv[ing] attempt laws that could be satisfied by preparatory conduct that does not pose the same risk of violent confrontation and physical harm posed by an attempt to enter a structure illegally." *James*, 127 S. Ct. at 1595-96.

9

face confrontation between the burglar and a third party—whether an occupant, a police officer, or a bystander—who comes to investigate." *Id.* at 1594-95. The Court explained that while "many completed burglaries do not involve such confrontations," "attempted burglaries often do" because "it is often just such outside intervention that prevents the attempt from ripening into completion." *Id.* at 1595.

The reasoning of both *Andrello* and *James* applies equally in this case and compels the conclusion that Lynch's attempted burglary is a violent felony for purposes of the ACCA. Under New York law, "[a] person is guilty of burglary in the third degree when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein," N.Y. Penal Law § 140.20, and is guilty of attempt when "he engages in conduct which tends to effect the commission of such crime," *id.* § 110.00. Presaging the Supreme Court's analysis of comparable Florida law in *James*, we said in *Andrello* that the New York courts have narrowed the definition of attempt to require proof of conduct that "carr[ies] the project to within dangerous proximity of its accomplishment." *Andrello*, 9 F.3d at 249. We went on to conclude that because burglary "inherently involves a risk of personal injury" and because attempted burglary requires proof that the defendant could potentially attain the fruition of such inherently risky behavior, attempted burglary is indeed a crime that "'involves conduct that presents a serious potential risk of physical injury to another.'" *Id.* at 249-50 (quoting 18 U.S.C. § 924(e)(2)(B)(ii)). Where a defendant like Lynch has come within "dangerous proximity" to having completed the burglary, such conduct certainly presents the "possibility of a face-to-face confrontation between the burglar and a third party . . . who comes to investigate." *James*, 127 S. Ct. at 1594. Following *James*, therefore, we reaffirm our holding in *Andrello* that attempted burglary in the third degree

10

under New York law constitutes a "violent felony" cognizable under the ACCA.

Lynch asserts two other arguments, both of which lack merit. He first argues, relying on *Shepard v. United States*, 544 U.S. 13, 17 (2005), that because New York's burglary statute is non-generic and because he never admitted to any facts in his plea that would support a finding that he attempted to commit a generic burglary, the ACCA cannot apply.[8] This argument misses the mark. While a conviction must qualify as a generic burglary to fit within the specific statutory reference to "burglary" in § 924(e)(2)(B)(ii) (identifying as a violent felony any crime that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another"), a non-generic burglary may nevertheless qualify as a violent felony under the statute's residual provision. This conclusion derives from the Supreme Court's decision in *James*, which rejected James's argument that the Florida attempted burglary offense could not be a violent felony because the burglary statute is non-generic. *James*, 127 S. Ct. at 1599. It explained that while Florida's burglary statute is not limited to generic burglary,

> that conclusion is not dispositive, because the Government does not argue that James' conviction for attempted burglary constitutes "burglary" under § 924(e)(2)(B)(ii). Rather, it relies on the residual provision of that clause, which—as the Court has recognized—can cover conduct that is outside the strict definition of, but nevertheless similar to, generic burglary.

_____

[8] As we have already observed, *see supra* n.3, in *Taylor*, the Supreme Court drew a distinction between statutes that rely on the generic definition of burglary, *i.e.*, "unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime," *Taylor*, 495 U.S. at 598, and statutes that "define burglary more broadly, *e.g.*, by eliminating the requirement that the entry be unlawful, or by including places, such as automobiles and vending machines, other than buildings," *id.* at 599. New York Penal Law § 140.20 falls into the latter category in light of the state's expansive definition of "building" to include "any structure, vehicle or watercraft used for overnight lodging of persons . . . or an inclosed motor truck, or an inclosed motor truck trailer." N.Y. Penal Law § 140.00(2).

11

*Id.* at 1599-600 (citing *Taylor*, 495 U.S. at 600 n.9). Just as we need not address whether

Lynch's conviction was for an attempt to commit a generic burglary, we need not consider

Lynch's argument that the district court considered impermissible evidence in making that

determination.[9]

Lynch's second argument, that Congress did not intend to include attempted burglary as a

violent felony under the ACCA, is also unavailing. The Supreme Court in *James* specifically

rejected James's argument that the residual provision should be read to extend to completed

offenses only, reasoning that "nothing in the plain language of [the residual clause] . . . prohibits

attempt offenses from qualifying as ACCA predicates when they involve conduct that presents a

serious potential risk of physical injury to another." *Id.* at 1591-92. The Court also rejected

James's argument that the legislative history of the ACCA indicated that Congress did not intend

to include attempt offenses in the residual provision. *Id.* at 1593. Instead it concluded that

---

[9]Lynch asserted that the district court's consultation of the facts underlying his attempted burglary conviction, as stated in his federal PSR, violated *Taylor*, 495 U.S. 575, and *Shepard v. United States*, 544 U.S. 13 (2005). *Shepard* instructed that in cases where a prior conviction was based on a guilty plea, a sentencing court may consult the "written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented" to determine whether that prior offense is a violent felony. 544 U.S. at 16. Here, Lynch's federal PSR contained facts about his attempted burglary conviction that were derived from the state PSR prepared at the time of his guilty plea to that offense. While our disposition of the issue involving attempted burglary does not require us to decide whether the district court may consider such facts, we do note that this Court's jurisprudence in this area is not particularly clear. *See United States v. Brown*, 52 F.3d 415, 425 (2d Cir. 1995) (holding district court's use of state PSR from different prior conviction permissible to establish fact of prior conviction considered for ACCA sentence enhancement); *United States v. Palmer*, 68 F.3d 52, 59 (2d Cir. 1995) (concluding district court may not use facts alleged in federal PSR prepared for current conviction to determine whether prior conviction was "crime of violence" under the Guidelines); *United States v. Pearson*, 77 F.3d 675, 677 (2d Cir. 1996) (holding remand not required where district court relied on federal PSR that incorporated facts from state PSR, not objected to by defendant, to determine prior conviction was "controlled substance offense" for purposes of career offender sentence enhancement under Guidelines).

12

"neither the statutory text nor the legislative history discloses any congressional intent to categorically exclude attempt offenses from the scope of § 924(e)(2)(B)(ii)'s residual provision." *Id.* We need go no further.

### IV. Criminal Possession of a Weapon Is a Violent Felony

Lynch also argues that his 1989 conviction for criminal possession of a weapon in the second degree is not a violent felony under the ACCA. Lynch asserts that since he never admitted to having "intent to use the weapon unlawfully against another," his conviction was based on "mere possession" and cannot constitute a violent felony. Lynch, however, pled guilty to the charge at issue in state court. Under New York law, "[a] person is guilty of criminal possession of a weapon in the second degree when he possesses a machine-gun or loaded firearm with intent to use the same unlawfully against another." N.Y. Penal Law § 265.03 (McKinney 1989).[10] Thus, the "essential elements" of Lynch's crime of conviction are "knowing and unlawful possession" of a loaded weapon and "the intent to use it unlawfully against another." *People v. Jamerson*, 472 N.Y.S.2d 148, 151 (N.Y. App. Div. 1984).

The question before this Court, then, is whether a conviction under § 265.03 based on a guilty plea constitutes a violent felony under the ACCA. Other courts have squarely held that similar offenses for unlawful possession of a weapon constitute violent felonies because they fall under the ACCA's residual provision. *See, e.g.*, *United States v. Mathews*, 453 F.3d 830, 837 (7th Cir. 2006) (holding that possession of a weapon by a felon "with intent to use the same unlawfully against another" is categorically a violent felony under the residual clause of the

---

[10]Although New York Penal Law § 265.03 was amended in 1998 to, inter alia, include "disguised gun" as another type of weapon to which the statute applies, the material elements of the crime have remained the same. *See* N.Y. Penal Law § 265.03 (McKinney 2000).

ACCA because it "involves a very significant probability of physical injury to a victim"); *United States v. Childs*, 403 F.3d 970, 971 (8th Cir. 2005) (holding that possession of a short-barreled shotgun is a violent felony under the ACCA's residual clause because "sawed-off shotguns are inherently dangerous and lack usefulness except for violent and criminal purposes" (internal quotation marks omitted)). This Court, in *United States v. Danielson*, 199 F.3d 666, 672 (2d Cir. 1999) (per curiam), considered whether a conviction under § 265.03 based on a jury verdict would constitute a violent felony. We observed, without holding, that "possession of a 'loaded firearm with intent to use it unlawfully against another' would be a violent felony under the ACCA in that the offense 'involves conduct that presents a serious potential risk of physical injury to another.'" *Id.* at 671-72 (quoting N.Y. Penal Law § 265.03 and 18 U.S.C. § 924(e)(2)(B)(ii)).

*Danielson* went on to address a concern unique to a jury trial, where the jury is required to find the element of intent.[11] We do not have to engage in that additional analysis, however, because Lynch unequivocally pled guilty to the crime, and by doing so he necessarily admitted his guilt with respect to both elements of the statutory offense: possession of the loaded weapon

---

[11]Under New York law, there is a rebuttable presumption that possession of a weapon is evidence of intent to use the weapon unlawfully against another. *See* N.Y. Penal Law § 265.15(4). Because Danielson was convicted by a jury, this Court thought it was necessary to look beyond the statutory definition of the crime and consider the jury charge to ensure that the jury was required to find the element of intent based on more than just the statutory presumption. *Danielson*, 199 F.3d at 672. By examining the jury charge, as is permissible under *Taylor*, 495 U.S. 575, this Court was reassured that Danielson had been convicted of more than "mere possession," because the jury had been instructed that it had to determine whether it was Danielson's "conscious aim or objective" to use the loaded firearm against another. *Danielson*, 199 F.3d at 673. Because in convicting him for the weapons offense the state jury was required to find, in fact, that Danielson had the requisite intent, this Court concluded that Danielson's prior offense of criminal possession of a weapon in the second degree was indeed a violent felony under the residual provision of the ACCA.

14

and intent to use it unlawfully against another. *See McCarthy v. United States*, 394 U.S. 459, 466 (1969) ("[A] guilty plea is an admission of all the elements of a formal criminal charge . . . ."); *see also United States v. Broce*, 488 U.S. 563, 570 (1989) ("A guilty plea is more than a confession which admits that the accused did various acts. It is an admission that he committed the crime charged against him." (citations and internal quotation marks omitted)).[12] It is beyond question that possessing a weapon with intent to use it unlawfully against another involves conduct "that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). For these reasons, we hold that Lynch's conviction for criminal possession of a weapon in the second degree in violation of New York law is for a violent felony under the ACCA.

## Conclusion

We agree with the district court's determination that both prior offenses at issue, attempted burglary and criminal possession of a weapon, are violent felonies. It was proper for the district court to have sentenced Lynch as an Armed Career Criminal. We affirm.

---

[12]Lynch's statements at the plea hearing that he shot at Neil Williams "to protect [his] life" and that he "didn't want to shoot him," (Plea Hr'g Tr. Oct. 25, 1989 at 31), cannot undo the fact that his guilty plea to the criminal possession charge necessarily admits that he had intent to use the weapon unlawfully against another. *See People v. Pons*, 501 N.E.2d 11, 13 (N.Y. 1986) (concluding that justification is not a defense to intent under § 265.03). By proffering these statements, Lynch appears to contest the validity of his state guilty plea. That issue, however, is not properly before us, and we do not reach it.