**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-4450**

———————

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

HOPETON GOODEN, a/k/a Richard Doleson, a/k/a Michael Frank
Burke,

            Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern
District of North Carolina, at New Bern.  Louise W. Flanagan,
Chief District Judge.  (5:06-cr-00313-FL-1)

———————

Submitted:  July 31, 2009            Decided:  August 14, 2009

———————

Before WILKINSON, KING, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, Eric J. Brignac, Research and
Writing Specialist, Raleigh, North Carolina, for Appellant.
George E.B. Holding, United States Attorney, Rudy E. Renfer,
Assistant United States Attorney, Raleigh, North Carolina, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hopeton Gooden was convicted by a jury of three charges: being an unlawful alien in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(5), 924(e)(1) (2006); possessing marijuana with intent to distribute , in violation of 21 U.S.C. § 841(a)(1) (2006), 21 U.S.C.A. § 841(b)(1)(D) (West 1999 & Supp. 2009); and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1) (2006). The district court sentenced Gooden under the provisions of the Armed Career Criminal Act ("ACCA"), § 924(e), imposing a term of 327 months in prison.[1]

On appeal, Gooden challenges whether his 1980 federal conviction for conspiracy to commit armed bank robbery and his 1996 New York conviction for criminal possession of a weapon should be counted as violent felonies under 18 U.S.C. § 924(e)(2)(B), in light of the U.S. Supreme Court's decision in United States v. Begay, 128 S. Ct. 1581 (2008).[2] Gooden argues that the particular crimes at issue are not similar to those

---

[1] Gooden received concurrent sentences of 327 months for the two firearm offenses and a concurrent sixty-month sentence for marijuana trafficking.

[2] Although Gooden did not make this particular objection at sentencing, we review the claim de novo, since Gooden was sentenced the day before the Supreme Court decided Begay. See United States v. Thornton, 554 F.3d 443, 446 n.4 (4th Cir. 2009) (applying Begay as a new rule of law).

enumerated in § 924(e)(2)(B)(ii) and do not require the purposeful, violent, and aggressive conduct characteristic of the enumerated offenses. We have evaluated Gooden's claims and conclude he is not entitled to relief. Therefore, we affirm.

Gooden first argues that his conspiracy to commit armed bank robbery conviction does not qualify as a violent felony conviction because a conspirator may only have a loose connection to the object of the conspiracy. After the parties filed their briefs in this appeal, however, we held that the North Carolina offense of conspiracy to commit robbery with a dangerous weapon qualified as a predicate offense under the ACCA. United States v. White, __ F.3d __, 2009 WL 1913232, (4th Cir. July 6, 2009) (No. 08-4492). The offense in White is sufficiently similar to Gooden's conspiracy conviction that we discern no basis for a different outcome here.

We also find that Gooden's 1996 New York conviction for second-degree criminal possession of a weapon qualifies as a violent felony conviction. The New York statute states: "A person is guilty of criminal possession of a weapon in the second degree when he possesses a machine-gun or loaded firearm with intent to use the same unlawfully against another." N.Y. Penal Law § 265.03 (1996). The U.S. Court of Appeals for the Second Circuit has held that a conviction under this statute qualifies as a violent felony conviction. United States v.

3

<u>Lynch</u>, 518 F.3d 164, 172-73 (2d Cir. 2008). We agree, and we do not believe <u>Begay</u> undercuts the rationale for the <u>Lynch</u> decision. In particular, we believe that this statute, by its very language, requires the type of purposeful, violent, and aggressive conduct that is characteristic of the crimes enumerated in § 924(e)(2)(B)(ii).

Gooden has filed a pro se motion requesting permission to file a supplemental brief. Since Gooden is represented by counsel, we deny his motion.

For the reasons stated above, we affirm Gooden's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4