*323 OPINION
SLOVITER, Circuit Judge.
I.
Appellant David Harford, who pled guilty, appeals his sentence on one count of conspiracy to manufacture, distribute, and possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846. The District Court sentenced Harford to seventy-five months of imprisonment, a three-year term of supervised release, restitution of $6952.75, and a special assessment of $100.
At sentencing, the District Court adopted the Presentence Report (“PSR”). According to the PSR, Harford had a total offense level of 29 and a criminal history category of VI. Plarford’s criminal history category was based on the District Court’s determination that he was a career offender under U.S.S.G. § 4B1.1 due to prior convictions for attempted burglary, simple assault, and resisting arrest. Under the applicable Sentencing Guideline, the imprisonment range was 151-188 months, but the District Court granted the Government’s motion under U.S.S.G. § 5K1.1 for a downward departure of three levels in recognition of Harford’s substantial cooperation with investigators. The District Court also departed downward one criminal history category based on Harford’s unopposed motion for such a departure. After the grant of these motions, Harford had a criminal history category of V and an imprisonment range of 84-105 months. The District Court imposed a non-guideline sentence of seventy-five months under 18 U.S.C. § 3553 based on Harford’s post-offense rehabilitation, strong family support, and to avoid sentencing disparity among similar co-defendants.
Harford’s appeal raises one issue: whether the District Court correctly determined that he is a career offender. Har-ford challenges the Court’s denomination of the crimes of simple assault and resisting arrest under Pennsylvania law as crimes of violence for purposes of career offender determinations.[1]
II.
Under U.S.S.G. § 4Bl.l(a), Harford is a career offender if he (1) was at least eighteen years old when the instant offense occurred; (2) the instant conviction is a crime of violence or involves a controlled substance; and (3) he has at least two prior convictions for felonies involving a crime of violence or a controlled substance. A crime of violence means any offense punishable by imprisonment for a term exceeding one year under federal or state law that (1) has as an element the use, attempted use, or threatened use of physical force against another, or (2) is burglary of a dwelling, arson, extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another. U.S.S.G. § 4B1.2(a)(l)-(2).
The Supreme Court has held that under the Armed Career Criminal Act (“ACCA”), 18 U.S.C. § 924(e)(i)(B), courts must interpret the term “violent felony” by considering not only whether the crime involves a serious potential risk of injury, but also whether the crime is sufficiently similar to the enumerated crimes of burglary, arson, extortion, or the use of explosives. Begay v. United States, 553 U.S. 137, 128 S.Ct. 1581, 1585, 170 L.Ed.2d 490 (2008). Although this case involves the Sentencing Guidelines, authority interpreting the defi *324 nition of violent felony under the ACCA is generally applicable to cases arising under the Guidelines. United States v. Stinson, 592 F.3d 460, 464 (3d Cir.2010). Generally, courts focus on the statutory language when considering whether a specified offense qualifies as a crime of violence and not the underlying facts of the case. Begay, 128 S.Ct. at 1584.
Since Harford’s appeal, this court has held that resisting arrest is a crime of violence under Pennsylvania law. Stinson, 592 F.3d at 466-67. If attempted burglary is also a crime of violence under the Guidelines, we may affirm without reaching the issue of Harford’s prior conviction for simple assault.
In the District Court, Harford did not challenge the classification of his attempted burglary conviction as a crime of violence. On appeal, Harford did not address the crime in his brief and at oral argument Harford did not challenge the Government’s position that attempted burglary is a crime of violence. Generally, failure to argue an issue on appeal results in waiver. United States v. Pelullo, 399 F.3d 197, 222 (3d Cir.2005). Thus, any argument that attempted burglary is not a crime of violence is waived.
Even assuming waiver does not apply, this argument would fail. In James v. United States, the Supreme Court held that attempted burglary under Florida law qualifies as a crime of violence under the ACCA. 550 U.S. 192, 209, 127 S.Ct. 1586, 167 L.Ed.2d 532 (2007). The applicable Florida statute defined burglary as “entering or remaining in a dwelling, a structure, or a conveyance with the intent to commit an offense therein....” Fla. Stat. Ann. § 810.02(l)(a). Attempt was defined as “any act toward the commission” of an offense. Id. at § 777.04(1). The Court reasoned that because Florida law required an “overt act directed toward entry of a structure,” the crime presented a serious risk of physical injury and therefore qualified as a crime of violence. James, 550 U.S. at 208-09, 127 S.Ct. 1586. Thus, Harford is a career offender if the applicable state statute under which he was convicted for attempted burglary is similar to the Florida law considered in James. Neither party discusses the applicable state law for Harford’s attempted burglary conviction but according to the PSR, Harford was convicted for attempted burglary in New York. We therefore turn to New York law.
III.
Under New York law, “[a] person is guilty of burglary ... when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein.” N.Y. Penal Law § 140.20. A person is guilty of attempt when “he engages in conduct which tends to effect the commission of such crime.” Id. at § 110.00. In United States v. Andrello, the Second Circuit held that third-degree attempted burglary was a crime of violence under New York law because it required the defendant to come “within dangerous proximity to the criminal end to be attained” and made “mere preparation” insufficient. 9 F.3d 247, 249 '(2d Cir.1993) (per curiam) (quoting People v. Bracey, 41 N.Y.2d 296, 392 N.Y.S.2d 412, 360 N.E.2d 1094, 1097 (1977)). Following the Supreme Court’s decision in James, the Second Circuit has reaffirmed its holding that attempted third-degree burglary under New York law is a crime of violence. United States v. Lynch, 518 F.3d 164, 170 (2d Cir.2008).
Although the PSR does not state what degree of attempted burglary Harford committed, third-degree is the lowest class of burglary under New York law. It is therefore irrelevant for which degree Har- *325 ford was convicted. Because Harford’s convictions for attempted burglary and resisting arrest are crimes of violence based on applicable state law, the District Court did not err in finding that he is a career offender under U.S.S.G. § 4B1.1.
IY.
For the reasons set forth above, we will affirm the judgment of sentence.

. We have jurisdiction pursuant to 18 U.S.C. § 3742. The standard of review for questions of law, such as whether a conviction qualifies as a crime of violence, is plenary. United. States v. Hull, 456 F.3d 133, 137 (3d Cir. 2006).