**UNITED STATES of America, Appellee,**

v.

**Michael A. ANDRELLO, Defendant–Appellant.**

**No. 301, Docket 93–1301.**

United States Court of Appeals,
Second Circuit.

Argued Nov. 1, 1993.

Decided Nov. 12, 1993.

Edward R. Broton, Asst. U.S. Atty., Syracuse, NY (Gary L. Sharpe, U.S. Atty., N.D.N.Y., Syracuse, NY, on the brief), for appellee.

Frank Policelli, Utica, NY, for defendant-appellant.

Before OAKES, KEARSE, and ALTIMARI, Circuit Judges.

PER CURIAM:

Defendant Michael A. Andrello appeals from a judgment of the United States District Court for the Northern District of New York convicting him, after a jury trial before

Neal P. McCurn, then-*Chief Judge*, of possessing ammunition in violation of 18 U.S.C. § 922(g) (1988), possessing an unregistered firearm, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871 (1988), and possessing a firearm that bore no serial number, in violation of *id*. §§ 5842, 5861(i) (1988), and *id*. § 5871. 816 F.Supp. 806. On the basis that Andrello had two prior felony convictions under New York law for burglary in the third degree and one for attempted burglary in the third degree, the district court sentenced Andrello pursuant to 18 U.S.C. § 924(e) (1988) to, *inter alia*, a 180–month term of imprisonment. On appeal, Andrello contends principally that the prior offenses to which the enhancement provision of § 924(e) applies do not include the crime of attempted burglary. We disagree and affirm the judgment.

### A. Attempted Burglary as a "Violent Felony"

▮ Section 924(e) provides, in pertinent part, that a person who is convicted of violating § 922(g) and who has three or more prior convictions "for a violent felony," each such felony having been committed on occasions different from one another, is to be sentenced to a prison term of at least 15 years. 18 U.S.C. § 924(e)(1). As defined in § 924(e), the term "violent felony" includes "burglary" expressly and includes any other felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id*. § 924(e)(2)(B)(ii). Burglary, for purposes of a § 924(e) enhancement, means any crime that includes the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure with intent to commit a crime. *Taylor v. United States*, 495 U.S. 575, 600, 110 S.Ct. 2143, 2159, 109 L.Ed.2d 607 (1990). Burglary was made a basis for enhanced punishment for the weapons offenses covered by § 922(g) because it inherently involves risk of injury to persons who may be in or may enter the targeted building during the burglary. *See Taylor v. United States*, 495 U.S. at 585, 110 S.Ct. at 2151 (" 'even though injury is not an element of the offense, it is a potentially very dangerous offense, because when you take your very typical residential burglary or even your professional commercial burglary, there is a very serious' danger to people who might be inadvertently found on the premises' ") (quoting Hearing on H.R. 4639 and H.R. 4768 before Subcommittee on Crime of the Committee on the Judiciary, 99th Cong., 2d Sess. (1986)); *Taylor v. United States*, 495 U.S. at 588, 110 S.Ct. at 2152 ("[t]he fact that an offender enters a building to commit a crime often creates the possibility of a violent confrontation between the offender and an occupant, caretaker, or some other person who comes to investigate"). The matter of whether a crime other than one specifically identified as a violent felony in § 924(e)(2)(B)(ii) "involves conduct that presents a serious potential risk of physical injury to another" is a question to be answered by reference to the general definition of the crime of which the defendant was convicted. *See generally id*. at 600, 110 S.Ct. at 2159.

▮ Under New York law, "[a] person is guilty of burglary in the third degree when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein." N.Y.Penal § 140.20 (McKinney 1993). "A person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime." N.Y.Penal § 110.00 (McKinney 1993). Under the latter section, a conviction for attempt is proper only if the defendant has " 'carr[ied] the project forward within dangerous proximity to the criminal end to be attained.' " *People v. Bracey*, 41 N.Y.2d 296, 300, 392 N.Y.S.2d 412, 415, 360 N.E.2d 1094, 1097 (1977) (quoting *People v. Werblow*, 241 N.Y. 55, 61, 148 N.E. 786 (1925)). "[M]ere preparation" is not enough. *Id*. Accordingly, under New York law, a person may be convicted of attempted burglary in the third degree only if he has engaged in conduct tending to effect such a burglary, taking a step that has carried the project to within dangerous proximity of its accomplishment.

▮ We conclude that since burglary itself is a crime that inherently involves a risk of personal injury, the crime of attempted burglary under New York law, which requires

proof of conduct that would present a serious potential risk of attainment, must be considered a crime that "involves conduct that presents a serious potential risk of physical injury to another." The fact that the underlying substantive offense may not be accomplished is not pertinent. *Cf. United States v. Patino,* 962 F.2d 263 (2d Cir.) (conspiracy to kidnap constitutes "crime of violence" within meaning of 18 U.S.C. § 924(c)(1) (1988)), *cert. denied,* —— U.S. ——, 113 S.Ct. 354, 121 L.Ed.2d 268 (1992).

We note that most other Circuits have concluded as we do that attempted burglary is a violent felony within the meaning of § 924(e). *See, e.g., United States v. Solomon,* 998 F.2d 587, 589 (8th Cir.1993), *petition for cert. filed* (No. 93–6294) (U.S. Oct. 8, 1993); *United States v. Custis,* 988 F.2d 1355, 1363–64 (4th Cir.), *cert. granted in part,* —— U.S. ——, 114 S.Ct. 299, 126 L.Ed.2d 248 (1993); *United States v. O'Brien,* 972 F.2d 47, 51 (3d Cir.1992), *cert. denied,* —— U.S. ——, 114 S.Ct. 210, 126 L.Ed.2d 166 (1993); *United States v. Payne,* 966 F.2d 4, 7–8 (1st Cir.1992); *United States v. Lane,* 909 F.2d 895, 903 (6th Cir.1990), *cert. denied,* 498 U.S. 1093, 111 S.Ct. 977, 112 L.Ed.2d 1062 (1991). To the extent that certain other Circuits have concluded that attempted burglary is not a violent felony within the meaning of § 924(e), we consider those cases distinguishable on the basis that the state laws at issue defined burglary too broadly to require proof of the requisite elements, *see, e.g., Taylor v. United States,* 495 U.S. at 591–92, 110 S.Ct. at 2154–55, or did not so clearly require a substantial step toward the accomplishment of the substantive crime. *See United States v. Permenter,* 969 F.2d 911 (10th Cir.1992); *United States v. Strahl,* 958 F.2d 980 (10th Cir.1992); *United States v. Martinez,* 954 F.2d 1050 (5th Cir. 1992).

We conclude that the district court properly enhanced Andrello's sentence pursuant to § 924(e) on the basis of prior convictions that included a felony conviction for attempted burglary in the third degree under New York law.

**B.** *Other Contentions*

 Andrello also argues that he entered into a cooperation agreement with the government in 1987 that gave him immunity from the present prosecution. This contention, raised only after trial and hence waived, *see United States v. Pelletier,* 898 F.2d 297, 301 (2d Cir.1990), is frivolous. The present charges arose out of conduct occurring in 1991; the cooperation agreement explicitly limited Andrello's immunity to crimes he committed before the date of the agreement. The fact that between 1987 and 1991 Andrello committed minor crimes for which the government chose not to prosecute him did not modify the agreement.

### CONCLUSION

We have considered all of Andrello's arguments on this appeal and have found them to be without merit. The judgment of conviction is affirmed.