13-2941-cr
United States v. Flores

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 17th day of June two thousand fourteen.

Present:     ROSEMARY S. POOLER,
             PETER W. HALL,
             SUSAN L. CARNEY,
                    *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

             -v-                                      13-2941-cr

MARIO FLORES, AKA Sealed Defendant 1,

                    *Defendant-Appellant*.

_____

Appearing for Appellant:     Colleen P. Cassidy, Federal Defenders of New York, Inc., Appeals Bureau, New York, N.Y.

Appearing for Appellee:      Paul M. Monteleoni, Assistant United States Attorney (Preet Bharara, United States Attorney for the Southern District of New York, Brian A. Jacobs, Assistant United States Attorney, *on the brief*), New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Stein, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Mario Flores pleaded guilty to one violation of 18 U.S.C. § 922(g)(1), possessing a firearm that had been shipped in interstate commerce after having been convicted of a felony. He was sentenced principally to 60 months imprisonment by the United States District Court for the Southern District of New York (Stein, *J.*). Flores now appeals from his July 31, 2013 judgment of conviction, entered on August 1, 2013. On appeal, he asserts that the district court erred in determining that burglary in the third degree under New York law, N.Y. Penal Law § 140.20, constitutes a "crime of violence" under Section 4B1.2(a)(2) of the United States Sentencing Guidelines. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

The argument Flores advances is foreclosed by our precedent. In *United States v. Brown*, we concluded that a conviction for "third-degree burglary in violation of New York law was a crime of violence within the meaning of the last clause of [U.S.S.G.] § 4B1.2(a)(2)." 514 F.3d 256, 269 (2d Cir. 2008). The upshot for the defendant in *Brown* was that "his record included two crimes of violence, making his base offense level 24." *Id.* The same result obtains here.

Flores recognizes our holding in *Brown*, but suggests that a trio of recent Supreme Court decisions have undermined our reasoning in that decision. We are not persuaded. Flores first points us to *Begay v. United States*, 553 U.S. 137 (2008), and to *Chambers v. United States*, 555 U.S. 122 (2009). It is true that both *Begay* and *Chambers* interpreted the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), to require analysis of the risk posed by crimes which putatively fell under ACCAs residual clause, compared to the risk posed by enumerated crimes. *Begay*, 553 U.S. at 141-45 (risk posed by driving under the influence is not comparable to risk posed by enumerated offenses of burglary, arson, extortion, or crimes involving explosives); *Chambers*, 555 U.S. at 127-29 (failure to report for periodic imprisonment does not pose comparable risk as enumerated offenses). We relied on the parallel natures of the residual clauses of ACCA and U.S.S.G. § 4B1.2(a)(2) in reaching our conclusion in *Brown*. 514 F.3d at 266-68. But it does not follow that the reasoning of *Begay* and *Chambers*, which required a comparison between the potential risks of enumerated offenses and putative similar offenses falling under the residual clause, has cast doubt upon our approach in *Brown*. If anything, these cases have arguably strengthened it (as the government argues) because our conclusion in *Brown* was based on our determination that "third-degree 'burglary itself is a crime that inherently involves a risk of personal injury.'" 514 F.3d at 268 (quoting *United States v. Andrello*, 9 F.3d 247, 249 (2d Cir. 1993)).

Nor are we persuaded that the Supreme Court's decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013), has undermined *Brown*. Flores correctly points out that *Descamps* concerned the appropriate reach of the "categorical" approach to determining whether a state law crime might serve as an enumerated ACCA predicate. 133 S. Ct. at 2283-86. But *Brown* applied the categorical approach to New York's third-degree burglary statute. *Brown*, 514 F.3d at 265. Flores apparently takes no issue with *Brown*'s application of the categorical approach, and we thus fail to appreciate how, exactly, Flores believes *Brown* was undermined by *Descamps*.

We are "bound by the decision of a prior panel unless the decision has been overturned either by the Supreme Court or this Court en banc." *United States v. Thomas*, 628 F.3d 64, 69 (2d Cir. 2010). Finding no merit in Flores's argument that our holding in *Brown* has been disturbed (and cognizant that this Court has not revisited *Brown* en banc), we cannot find that the district court committed procedural error in determining Flores's baseline sentence under the Guidelines.

We have examined the remainder of Flores's arguments, and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3