13-2077 (L)
United States v. Soler (Waters)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of July, two thousand fourteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> JOHN M. WALKER, JR.,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges*.

---

UNITED STATES OF AMERICA,

>    *Appellee*,

>    v.                                            Nos. 12-2077, 12-3831

WILLIAM SOLER, SAMI WATERS

>    *Defendants-Appellees*.

---

For Appellee:                          RICHARD M. TUCKER (Emily Berger, W. David Sarratt, *on the brief*), Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY.

For Defendant-Appellee Waters:         TINA SCHNEIDER, Portland, ME.

1

Appeal from a judgment of conviction and sentence entered by the United States District Court for the Eastern District of New York (Gershon, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and is hereby **AFFIRMED**.

Defendant-Appellant Sami Waters appeals a judgment of conviction and sentence entered on October 2, 2012, by the United States District Court for the Eastern District of New York (Gershon, *J.*). Following a suppression hearing and the denial of Waters's motion to suppress certain evidence, Waters was convicted following a jury trial of one count of carjacking, in violation of 18 U.S.C. § 2119, one count of unlawful use of a firearm, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1). After finding that certain of Waters's prior convictions were "violent felonies," and that his conviction under § 924(c) qualified for a fifteen-year mandatory minimum sentence pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), the district court sentenced Waters principally to fifteen years' incarceration for the carjacking and felon-in-possession counts and ten years for unlawful use of a firearm. The sentences on the carjacking and the felon-in-possession counts are to run concurrently, while the unlawful use count is to run consecutively to those counts. Waters challenges both his conviction and his sentence on appeal.[1] We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal. For the reasons that follow, we affirm.

---

[1] Waters also joins the brief of his co-defendant William Soler in arguing that his conviction for carjacking was not supported by sufficient evidence that the vehicle was stolen from the "presence" of the victim. We dispose of this argument in a written opinion filed

2

Waters asks us to vacate his conviction on all three counts, contending that the district court erred in denying his motion to suppress certain evidence that he contends was discovered in violation of his rights under the Fourth Amendment. "We review *de novo* legal conclusions and mixed questions of law and fact, such as whether the Fourth Amendment was violated and whether there was reasonable suspicion to justify [an investigatory] stop" pursuant to *Terry v. Ohio*, 923 U.S. 1, 30 (1968). *United States v. Lucky*, 569 F.3d 101, 105-06 (2d Cir. 2009). We review the district court's factual findings in deciding the motion to suppress for clear error, "giving special deference to findings that are based on determinations of witness credibility." *Id.* at 106. Applying those standards here, and considering the "totality of the circumstances through the eyes of a reasonable and cautious police officer on the scene," *United States v. Bailey*, 743 F.3d 322, 332 (2d Cir. 2014) (internal quotation marks omitted), we conclude that the search and seizure of Waters was supported by reasonable suspicion.

Evidence introduced in the district court indicated that the two officers who ultimately stopped and frisked Waters responded to a report of a robbery in the area and joined a group of fellow officers who were setting up a perimeter. Upon exiting their vehicle, the two heard a noise in the backyard of a nearby home. One officer observed Waters hopping fences, and he and his partner gave chase. The officer testified that Waters was wearing a bulletproof vest, long pants, and was sweating profusely in the "extremely hot" weather. After following Waters over three fences, the two stopped him and gave him "a quick pat down," during which they felt a firearm. Another officer joined the two and recovered the firearm to assure the officers' safety. Far from a mere "unparticularized suspicion or hunch," *United States v. Elmore*, 482 F.3d 172, 178 (2d Cir.

simultaneously with this summary order.

3

2007) (quoting *Alabama v. White*, 496 U.S. 325, 329 (1990)), this testimony plainly introduced "'specific and articulable facts which, taken together with rational interferences from those facts, reasonably warrant [the] intrusion [on a citizen's liberty interest],'" *id.* (quoting *Terry*, 392 U.S. at 21) (alterations in original). We therefore affirm the district court's denial of Waters's motion to suppress.

As to his sentence, Waters contends that the application of ACCA's enhanced penalty provisions was reversible error because (1) his offense of third-degree burglary under New York law was not a "violent felony" under the ACCA, and (2) the use of his prior convictions violated his rights under the Fifth and Sixth Amendments. We do not dwell on the merits or our standard of review because, as Waters acknowledges, each of these arguments is foreclosed by our precedent.

As to the former argument, we have consistently held that attempted burglary in the third degree is a violent felony that falls within ACCA's residual clause. *See United States v. Andrello*, 9 F.3d 247, 249–50 (2d Cir. 1993) (per curiam); *see also United States v. Lynch*, 518 F.3d 164, 169–70 (2008) (reaffirming *Andrello*, and emphasizing that "because burglary 'inherently involves a risk of personal injury' and because attempted burglary requires proof that the defendant could potentially attain the fruition of such inherently risky behavior, attempted burglary is indeed a crime that 'involves conduct that presents a serious potential risk of physical injury to another'" (quoting *Andrello*, 9 F.3d at 249–50)). The reasoning of these cases about the inherent risk of injury of the crime of *attempted* third degree burglary under New York law applies, *a fortiori*, to the offense of third-degree burglary of which Waters was convicted.

4

As to the latter argument, nothing in Waters's brief disturbs our prior conclusion that this "challenge fails in the face of controlling Supreme Court and Circuit law." *United States v. Estremera*, 282 F. App'x 935, 938 (2d Cir. 2008); *see also United States v. Estrada*, 428 F.3d 387, 390–91 (2d Cir. 2005). Waters concedes that disturbing the Supreme Court precedents on which our prior holdings are based is not within our purview, but "raises this issue in order to preserve it." Br. for Defendant-Appellant Waters at 49. The argument is therefore preserved, but also meritless as a ground for vacatur of his sentence on appeal.

We have considered Waters's remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5